46500.  GOSSER v. THE DIPLOMAT RESTAURANT, INC. et al.

ARGUED SEPTEMBER 14, 1971—DECIDED MARCH 3, 1972.

*Long, Weinberg, Ansley & Wheeler, Palmer H. Ansley,* for appellant.

*James H. Weeks, R. Lawrence Ashe, Jr.,* for appellees.

QUILLIAN, Judge. 1. In *F. H. Ross & Co. v. White,* 224 Ga. 324 (161 SE2d 857), the Supreme Court has held that the right of contribution from a joint tortfeasor not sued in the action is a substantive right. In discussing Rule 14 of the Federal Rules of Civil Practice (substantially equivalent to our own CPA § 14), it has been pointed out: "Where the applicable state law permits contribution among joint tortfeasors regardless of whether plaintiff has sued them all in the first instance, it is clear that defendant can bring in other joint tortfeasors in order to enforce his claim for contribution. The fact that contribution may not actually be obtained until the original defendant has been cast in judgment and has paid does not prevent impleader; the impleader judgment may be so fashioned as to protect the rights of the other tortfeasors, so that defendant's judgment over against them may not be enforced until the defendant has paid plaintiff's judgment or more than his proportionate share, whichever the law may require." 3 Moore, Federal Practice 574, § 14.11. The obvious intendment of the language contained in *Code Ann.* § 81A-114 (Ga. L. 1966, pp. 609, 627; 1969, p. 979) is to allow the impleading of one "who is or *may be liable* to him [the defendant] for all or part of the plaintiff's claim against him." (Emphasis supplied.) Thus, the effect of impleader practice is to accelerate liability. 3 Moore, Federal Practice, 531, 551, §§ 14.08, 14.10.

We can find no valid basis, in a case of this nature, to disallow the utilization of the Long Arm Statute (*Code Ann.* § 24-113.1 et seq.) in a third-party claim. See for ex-

ample, Verner v. Moran Towing &c. Co., 258 FSupp. 169, 170; Agrashell, Inc. v. Bernard Sirotta Co., 344 F2d 583, 585. Here the tortious acts out of which the right to contribution arose were alleged to be committed in this State by a nonresident of the State. This would clearly fall within the purview of *Code Ann.* § 24-113.1 (b).

The holding in *Register v. Stone's Independent Oil,* 227 Ga. 123, 126 (179 SE2d 68), that an action to recover contribution is in the nature of an independent suit which can be maintained only in the county of the residence of the alleged joint tortfeasor, does not conflict with what is here held. The effect of the Long Arm Statute is to place the venue of the third-party complaint in the county where the tortious act occurred, thus making a nonresident tortfeasor amenable to suit in such county.

2. Under our Civil Practice Act, on motion to dismiss, the pleading attacked is construed in its most favorable light. *Koppers Co. v. Parks,* 120 Ga. App. 551, 554 (171 SE2d 639). The third-party defendant contends the third-party complaint should be dismissed because a paragraph of the plaintiff's complaint seeks to recover for defamation of character. It is therefore urged that the third-party complaint seeks contribution for an act which is expressly excluded from the Long Arm Statute. *Code Ann.* § 24-113.1 (b).

Appellee argues that the plaintiff in open court expressly renounced any allowance or damages for defamation. Be that as it may, the motion to dismiss was addressed to the complaint as a whole and since the third-party complaint (or for that matter the plaintiff's petition) is not solely involved with the action for defamation of character, it is not subject to a motion to dismiss. *Robinson v. Reward Ceramic Color Mfg.,* 120 Ga. App. 380 (1) (170 SE2d 724).

3. It is urged that plaintiff's petition (on which the third-party complaint is based) discloses that the third-party plaintiff and third-party defendant are not joint tortfeasors; thus, the defendant/third-party plaintiff cannot seek contribution from the third-party defendant. A careful examina-

tion of the complaint leads us to the inescapable conclusion that it does not affirmatively show a lack of joint action or joint concert between the third-party plaintiff and the third-party defendant.

It is well settled that: "An owner of premises is liable to a guest for injuries inflicted by the tortious act of another guest when the owner has reason to anticipate the misconduct of the guest inflicting the injury." *Ga. Bowling Enterprises v. Robbins,* 103 Ga. App. 286 (119 SE2d 52). See *Moone v. Smith,* 6 Ga. App. 649 (1) (65 SE 712); *Savannah Theatres Co. v. Brown,* 36 Ga. App. 352 (136 SE 478); *Hall v. Davis,* 75 Ga. App. 819 (44 SE2d 685); *Adamson v. Hand,* 93 Ga. App. 5 (90 SE2d 669). Persons whose separate acts of negligence combine to produce single injury may be sued jointly although owing different duties toward the plaintiff. *Gooch v. Ga. Marble Co.,* 151 Ga. 462 (107 SE 47); *Hopkins v. City of Atlanta,* 172 Ga. 254 (1) (157 SE 473). See *Scearce v. Mayor &c. of Gainesville,* 33 Ga. App. 411 (3) (126 SE 883). "Where concurrent causes operate directly in bringing about an injury, there can be a recovery against one or all of the responsible parties. The mere fact that the injury would not have been sustained had only one of the acts of negligence occurred will not of itself operate to define and limit the other act as constituting the proximate cause; for if all acts of negligence contributed directly and concurrently in bringing about the injury, they together constitute the proximate cause." *Adams v. Jackson,* 45 Ga. App. 860 (2) (166 SE 258). See *Tallman v. Green,* 74 Ga. App. 731, 734 (41 SE2d 339); *Doss v. Miller,* 87 Ga. App. 230, 234 (73 SE2d 349).

The third-party complaint was not subject to dismissal and the trial judge properly overruled the motion to dismiss.

*Judgment affirmed. Jordan, P. J., and Evans, J., concur.*