### 48182. MAXWELL BROTHERS OF ATHENS, INC. v. DEUPREE COMPANY et al.

ARGUED MAY 1, 1973 — DECIDED MAY 31, 1973 — REHEARING DENIED JUNE 20, 1973.

*Neely, Freeman & Hawkins, Albert H. Parnell,* for appellant.

*Erwin, Epting, Gibson & Chilivis, Euguene A. Epting,* for appellees.

DEEN, Judge. 1. The appellee's motion for summary judgment raised the question of whether it and the original defendants could properly be found by a jury to be unintentional joint tortfeasors under Code Ann. § 105-2012, as to the plaintiff, in such circumstance that the third-party defendant "is or may be" liable to the original defendants for any judgment they may be forced to pay. It is true that the right to *obtain* contribution does not arise until a judgment is entered (*Thornhill v. Bullock,* 118 Ga. App. 186 (2) (162 SE2d 886)) but if such right *may* arise the third party action can be maintained under Code Ann. § 81A-114 (a), unless barred for some other reason. Nothing to the contrary is held in *Craven v. Allen,* 118 Ga. App. 462 (1b) (164 SE2d 358) where the question was whether a jury could return a verdict against joint tortfeasors singly, apportioning the liability unequally between them. *Lewis Card & Co. v. Liberty Mut. Ins. Co.,* 127 Ga. App. 441 (1) (193 SE2d 856) deals only with appellate procedure and is also not authority to the contrary.

2. Nevertheless, there is always the possibility that even though the plaintiff might, if it elected to do so, recover from various tortfeasors for separate and concurrent acts of negligence on their part, the situation between the alleged tortfeasors themselves may be such that one of them could not recover from the other; and would therefore have no right to implead the other for the purpose of seeking contribution in the event of an adverse judgment. Such is the case here. The lease between the third party plaintiff and the

third party defendant contained the following: "Lessee [Maxwell Brothers] accepts premises in their present condition and as suited for the use intended by lessee. Lessor shall not be required to make any repairs or improvements to premises, except structural repairs necessary for safety and tenantability. Lessor shall keep in good order the roof and exterior walls. Lessee shall protect heating, water, sewer and electrical systems against freezing or other damage and shall repair at his own expense any damage to said systems caused by freezing or due to neglect of lessee.

"Lessee shall repair partitions, all glass and plate glass and plumbing fixtures, and all machinery whatever in leased premises. Lessee shall be liable for and shall hold lessor harmless in respect of damage or injury to leased premises . . . or the property or persons of lessor's other tenants, or any one else, if due to act or neglect of lessee, or any one in his control or employ. Lessee shall at once report in writing to lessor any defective condition known to him which lessor is required to repair and failure to so report shall make lessee responsible for damages resulting from such defective conditions."

The fire, apparently of unknown origin, commenced in the Maxwell Brothers warehouse and spread to the plaintiff's store. Maxwell Brothers now contends that the landlord should have turned over to it, or should have maintained after leasing the property, an operative sprinkler system. Maxwell Brothers, however, took the warehouse in an "as is" condition. It appears that at some time prior to the landlord's acquisition of the property a sprinkler system, or part of one, had been installed on the premises. A part of the apparatus remained; much of it was missing. Deupree Company had taken no action concerning it. King, the manager of Maxwell Brothers, had no knowledge of any sprinkler system in the building. Such remnants of it as existed were in plain view and obviously unconnected. If it could be argued that reactivating the sprinkler system was a "structural repair necessary for safety and tenantability" and that the tenant's failure to point out the defective condition was excusable on the ground of lack of knowledge, the tenant nevertheless took the premises on an "as is" basis and the defect if any was patent. A landlord is not liable for injuries resulting from patent defects existing at the time of the lease of which the tenant has equal means of knowledge unless the contract stipulates to the contrary. *McGee v. Hardacre,* 27 Ga. App. 106 (1) (107 SE 563). Nor was the fact that the landlord reserved a right of inspection of the premises

relevant to the third party complaint. If the fire started because of paper, debris, or other combustible material stored by the tenant, who had sole control, then the negligence would be that of the tenant, not the landlord, and the tenant contracted to indemnify the landlord for damage due to its own negligence.

The reservation of the right of inspection does not comprehend any duty to inspect for the purpose of discovering a defective or dangerous condition arising subsequent to the surrender of possession. *Godard v. Peavy,* 32 Ga. App. 121 (1) (122 SE 634). Furthermore, contribution among joint tortfeasors must originate in the first instance on the interconnection of acts of negligence on the part of each resulting in damage to the plaintiff. This case is somewhat like *Yarbrough v. Cantax Mfg. Co.,* 97 Ga. App. 438 (103 SE2d 138) where it was held that absent any requirement of law as to certain protective devices, there was no negligence involved in running intake fans, although the draft so created might have been instrumental in spreading the flames to an adjoining building, after a fire of unknown origin broke out in the defendant's store.

The evidence on the hearing of the motion for summary judgment establishes unequivocally that there is no secondary liability on the part of the third party defendant to the original defendant "as in cases of indemnity, subrogation, contribution, warranty and the like." *Worrill v. Pitney-Bowes, Inc.,* 119 Ga. App. 258 (167 SE2d 236). The landlord's motion for summary judgment was properly sustained.

*Judgment affirmed. Bell, C. J., and Quillian, J., concur.*