## 49608. McMICHAEL et al. v. GEORGIA POWER COMPANY et al.

Stolz, Judge.

Charles W. Hicks and Mrs. Celia Hicks sued Georgia Power Company in the Superior Court of DeKalb County for various alleged personal injuries sustained by Mrs. Hicks while a passenger in an automobile owned by J. D. McMichael and being driven by Mrs. J. D. McMichael. Georgia Power Co. filed its answer to the complaints, denying the allegations of negligence, and alleging that the damages, if any, "resulted solely from the negligence of the driver of the vehicle in which Mrs. Hicks was a passenger." Georgia Power Co. then filed third-party complaints against Mr. and Mrs. McMichael in each case, in which it sought "judgment against the third-party defendants for all sums that may be adjudged against defendant Georgia Power Company in favor of plaintiff . . ." Georgia Power Co. then amended its third-party complaints to more fully allege the facts surrounding the occurrence in question and went on to allege: "Although defendant denies that it is liable to the plaintiff in any amount, the defendant shows that the third-party defendants are or may be liable to the defendant for all or any portion of any sum which might be adjudged against the defendant in favor of the plaintiff *either by way of contribution or implied indemnification.*" (Emphasis supplied.) The amended third-party complaint again demanded judgment "for all sums that may be adjudged against defendant . . . in favor of plaintiff . . ." The third-party defendants moved to strike and dismiss Georgia Power Co.'s third-party complaint, and appeal from the denial of their respective motions pursuant to Code Ann. § 6-701 (a 2) (Ga. L. 1965, p. 18; 1968, pp. 1072, 1073). *Held:*

1. The substantive rights of the parties in this negligence case, were fixed on November 7, 1967, the date

of the injury on which liability depends. *F. H. Ross & Co. v. White,* 224 Ga. 324 (2) (161 SE2d 857) and cits. Under Code Ann. § 105-2012 (1), as amended by Ga. L. 1966, p. 433, which was applicable on the aforesaid date, "[w]here the tortious act does not involve moral turpitude, contribution among several trespassers may be enforced just as if they had been jointly sued." Under third-party practice, also enacted in 1966, the third-party complaint must be against one "who is *or may be liable*" to the third-party plaintiff "for all or part of the plaintiff's claim against him." (Emphasis supplied.) Code Ann. § 81A-114 (a) (Ga. L. 1966, pp. 609, 627; 1969, p. 979 (CPA § 14)).

With a few possible exceptions which we discuss below, our appellate courts have uniformly recognized the principle that, since the 1966 amendment to § 105-2012, supra, a third-party complaint is maintainable under § 81A-114 (a), supra, for *contribution,* as well as for *indemnity,* subrogation, express and implied warranty and "the like," subject to the principles summarized in *Smith, Kline & French Labs. v. Just,* 126 Ga. App. 643, 649 (191 SE2d 632). Although a completely exhaustive list of cases recognizing this principle, though barring the third-party actions in some situations, is not here attempted, see, e.g., *Central of Ga. R. Co. v. Lester,* 118 Ga. App. 794 (2) (165 SE2d 587); *Koppers Co. v. Parks,* 120 Ga. App. 551, 552 (171 SE2d 639); *Ins. Co. of North America v. Atlas Supply Co.,* 121 Ga. App. 1, 4 (172 SE2d 632); *Gosser v. Diplomat Restaurant,* 125 Ga. App. 620 (188 SE2d 412); *Thigpen v. Koch,* 126 Ga. App. 182, 185 (1)(190 SE2d 117); *Maxwell Bros. &c. Inc. v. Deupree Co.,* 129 Ga. App. 254(1) (199 SE2d 403); *Register v. Stone's Independent Oil Distributors,* 227 Ga. 123, 126 (179 SE2d 68); and cases cited therein.

The underlying philosophy or rationale of this principle is found in Code Ann. § 81A-101 (Ga. L. 1966, pp. 609, 610), which provides that "[t]he provisions of this Title shall be construed to secure the *just, speedy,* and *inexpensive* determination of every action." (Emphasis supplied.) In expounding this policy, our courts have held that the impleader provisions are to be *liberally* construed to avoid multiplicity of actions, to save time and cost of reduplication of evidence and to assure consistent results

from similar evidence and common issues. See *Ins. Co. of North America v. Atlas Supply Co.,* supra, p. 4; *Koppers Co. v. Parks,* supra, p. 552; *S. M. & M. Realty Corp. v. Highlands Ins. Co.,* 123 Ga. App. 170, 172 (179 SE2d 781). Although the Supreme Court, in *Peoples Bank of LaGrange v. North Carolina Nat. Bank,* 230 Ga. 389 (197 SE2d 352), applied a construction of the interpleader provisions which was more strict than liberal, it was there construing Code Ann. § 81A-119, rather than § 81A-114, and did not necessarily negative third-party claims for contribution and/or indemnity, inter alia, in all cases.

In *Lewis Card & Co. v. Liberty Mut. Ins. Co.,* 127 Ga. App. 441, 442 (1) (193 SE2d 856), it was stated that, under Code Ann. § 105-2012, as amended in 1966, "no right of contribution arose until a judgment was entered against the tortfeasor seeking contribution," citing *Thornhill v. Bullock,* 118 Ga. App. 186 (2) (162 SE2d 886); *Hangar Cab Co. v. City of Atlanta,* 122 Ga. App. 661 (178 SE2d 292); and *Hospital Authority of Emanuel County v. Gray,* 123 Ga. App. 415 (1) (181 SE2d 299). An examination of the cases cited in the *Lewis Card* case, reveals that the first two involved direct actions for contribution, in which proof of recovery would naturally be essential, and that the third case (*Gray*), involving a cross claim for contribution, was based on the *Hangar Cab Co.* case. In *Maxwell Bros. &c., Inc. v. Deupree Co.,* 129 Ga. App. 254, supra, p. 255 (1), this court held that the *Lewis Card* case "deals only with appellate procedure and is also not authority to the contrary," and distinguished *Thornhill* by holding that "[i]t is true that the right to *obtain* contribution does not arise until a judgment is entered (citing *Thornhill)* but if such right *may* arise the third-party action can be maintained under Code Ann. § 81A-114(a), unless barred for some other reason." To the extent to which the *Lewis Card* case and cases cited therein, as well as any other cases, can be construed as holding that the entry of judgment is required before a third-party action can be maintained for contribution, such cases are specifically disapproved.

2. "'[T]he allegations of the third-party complaint need not show that recovery is a certainty; the complaint should be allowed to stand if, under some construction of

the facts which might be adduced at trial, recovery would be possible ' . . . The liberalized notice requirements of Rule 8 (a) (CPA § 8 (a); Code Ann. § 81A-108) specifically include third-party complaints. Accordingly, also keeping in mind the requirements of Rule 14, supra, . . . the complaint is adequate if sufficient facts are alleged which upon proper proof would allow recovery by the third-party plaintiff from the third-party defendant under the applicable substantive tort law in force in this State where, as here, the subject matter is the same as that involved in the original action." *Koppers Co. v. Parks,* 120 Ga. App. 551, supra, p. 554. Cf. *Maxwell Bros. &c., Inc. v. Deupree Co.,* supra, p. 255 (2).

The third-party complaints did not show on their face that the third-party actions were barred for any reason as a matter of law; therefore, the trial judge did not err in denying the motions to strike and dismiss the third-party complaints.

*Judgment affirmed. Deen, P. J., and Marshall, J., concur.*

ARGUED SEPTEMBER 5, 1974 — DECIDED DECEMBER 3, 1974 — REHEARING DENIED DECEMBER 19, 1974.

*Swift, Currie, McGhee & Hiers, Warner S. Currie, Samuel P. Pierce, Jr.,* for appellants.

*Troutman, Sanders, Lockerman & Ashmore, Robert L. Pennington, Stanley A. Coburn,* for appellees.