52832. EVANS v. LUKAS et al.

SUBMITTED OCTOBER 4, 1976 — DECIDED OCTOBER 25, 1976.

*Neely, Freeman & Hawkins, Andrew M. Scherffius,* for appellant.

*J. E. Wilson, Henning, Chambers & Mabry, Peter K. Kintz,* for appellees.

DEEN, Presiding Judge.

The sole issue on this appeal is whether or not the statute of limitation in a third-party action for contribution runs from the date of the accrual of the plaintiff's cause of action.

We start with the proposition that a third-party action "has the nature of an *independent* suit." *Register v. Stone's Independent Oil Distributors,* 227 Ga. 123, 126 (179 SE2d 68). (Emphasis supplied.) A third-party complaint must be against one who is or may be liable to the third-party plaintiff for all or part of the original plaintiff's claim against him; Code Ann. § 81A-114 does not allow the tender of another defendant who is or may be liable to the plaintiff. *Balkcom v. Mull,* 129 Ga. App. 277, 278 (199 SE2d 346). A third-party complaint is maintainable under Code Ann. § 81A-114 (a) for contribution among several trespassers, pursuant to Code § 105-2012, as amended. *McMichael v. Ga. Power Co.,* 133 Ga. App. 593, 594 (211 SE2d 632).

It is thus clear that a third-party complaint seeking

contribution from one who is alleged to be a joint tortfeasor is an *independent* suit between the third-party plaintiff and defendant in which the third-party defendant is secondarily liable to the third-party plaintiff rather than directly liable to the original plaintiff. *Balkcom v. Mull,* 129 Ga. App. 277, supra. Therefore, the applicable statute of limitation for the plaintiff's cause of action against the defendant has no bearing on the defendant's third-party complaint for contribution against an alleged joint tortfeasor. "The rule generally recognized is that a claim for contribution based on tort, where such claim is authorized, does not accrue, and the statute of limitations does not start to run thereon, at the time of the commission of the tort, or of the resulting injury or damage, but from the time of the accrual of the cause of action for contribution . . ." Anno., 57 ALR3d 867, 875 (1974).

When does the statute of limitation begin to run on a cause of action for contribution? "[T]he right to *obtain* contribution does not arise until a judgment is entered. . ." *Maxwell Bros. v. Deupree Co.,* 129 Ga. App. 254, 255 (199 SE2d 403) or a compromise and settlement of a claim is made. Code Ann. § 105-2012 (1) (Ga. L. 1972, p. 132). However, even though the *right* to contribution does not accrue until after judgment (or compromise and settlement) a third-party action for contribution can be maintained under Code Ann. § 81A-114. *McMichael v. Ga. Power Co.,* 133 Ga. App. 593, 595, supra.

*Judgment reversed. Webb and Smith, JJ., concur.*