53136, 53137. INDEPENDENT MANUFACTURING COMPANY, INC. v. AUTOMOTIVE PRODUCTS, INC. et al. (two cases).

Marshall, Judge.

The appellant, third-party plaintiff below, seeks review of the grant by the trial court of the motion by Automotive Products, Inc., third-party defendant below, to dismiss the appellant's amended third-party complaint against Automotive Products, and the grant of Automotive Products' motion for summary judgment. The original complaint against the appellant arose on March 16, 1969, when Frasier, the plaintiff, sustained personal injuries when his arm was caught in an auger while digging post holes. Frasier filed his action against the appellant on March 15, 1971, one day before the expiration of the statute of limitation (Code Ann. § 3-1004). During discovery, the appellant determined that a component part of the auger, the "power take-off shaft,"

may have contributed in causing the injury in that it should have been provided with a safety shield. The component part was manufactured by Automotive Products and sold to the appellant in July, 1969. Upon this discovery, the appellant sought and obtained from the court permission to file a third-party complaint against Automotive Products. The third-party complaint was filed on October 17, 1973.

As amended, the third-party complaint alleged the following grounds of liability: (1) breach of warranty of fitness and marketability, (2) contractual indemnity, (3) common law indemnity, (4) contribution and (5) strict liability. (The first and second of these grounds have been abandoned by the appellant.) Automotive Products moved to dismiss the third-party complaint, as amended, on the ground, inter alia, that the statute of limitation had run on each cause of action alleged therein. (Automotive Products also moved to dismiss for lack of personal jurisdiction under the "long arm statute" (Code Ann. § 24-113.1), but same was not made a basis of the trial court's order and same is not therefore presented for review.[1]) Following a hearing, the trial judge entered an order granting the motion to dismiss and entering summary judgment for Automotive Products, on the grounds that the causes of action for contribution and indemnity could not be enforced prior to judgment against the appellant, that they were barred by the statutes of limitation, and that the cause of action for strict liability was not available to the appellant. *Held:*

1. The appellant's causes of action for both contribution and common law indemnity are maintainable under CPA § 14 (a), Ga. L. 1966, pp. 609, 627; 1969, p. 979 (Code Ann. § 81A-114 (a)), which permits a third-party complaint against a person who "is or may be liable" to the third-party plaintiff. ". . . [S]ince the 1966 amendment to § 105-2012, supra, a third-party

---

[1] As to this defense see *Coe & Payne Co. v. Wood-Mosaic Corp.,* 230 Ga. 58 (195 SE2d 399) (1973) and *Shellenberger v. Tanner,* 138 Ga. App. 399 (227 SE2d 266) (1976) (cert. den.).

complaint is maintainable under § 81A-114 (a), supra, for *contribution*, as well as for *indemnity*, subrogation, express and implied warranty and 'the like,'. . ." *McMichael v. Ga. Power Co.*, 133 Ga. App. 593, 594 (211 SE2d 632). The court in that case went further and specifically rejected the contention of Automotive Products (followed by the trial judge) that a cause of action for contribution or indemnity could not be maintained without a prior judgment against the third-party plaintiff, even under the old contribution statute amended in 1966 (Ga. L. 1966, p. 433 (Code Ann. § 105-2012)), which applies here. Citing *Maxwell Bros. of Athens, Inc. v. Deupree Co.*, 129 Ga. App. 254, 255 (1) (199 SE2d 403), the court held, " '[i]t is true that the right to *obtain* contribution does not arise until a judgment is entered (citing *Thornhill* [*Thornhill v. Bullock*, 118 Ga. App. 186 (2) (162 SE2d 886)]) but if such right *may* arise the third-party action can be maintained under Code Ann. § 81A-114 (a), unless barred for some other reason.' To the extent to which the *Lewis Card* case [*Lewis Card & Co. v. Liberty Mut. Ins. Co.*, 127 Ga. App. 441, 442 (1) (193 SE2d 856)] and cases cited therein, as well as any other cases, can be construed as holding that the entry of judgment is required before a third-party action can be maintained for contribution, such cases are specifically disapproved." *McMichael v. Ga. Power Co.*, 133 Ga. App. 593, supra, p. 595.

The question then is whether or not the action for contribution and indemnity is barred "for some reason" — specifically, the statute of limitation. This question, at least as to contribution, was presented in recent case of *Evans v. Lukas*, 140 Ga. App. 182 (230 SE2d 136). In that case, this court concluded that, inasmuch as the cause of action for contribution is an independent suit (*Register v. Stone's Independent Oil Distributors*, 227 Ga. 123 (179 SE2d 68)), the ". . . applicable statute of limitation for the plaintiff's cause of action against the defendant has no bearing on the defendant's third-party complaint for contribution against an alleged joint tortfeasor." *Evans*, supra, p. 184. The court further held that the statute of limitation on contribution did not begin to run until judgment was entered against the third-party plaintiff or

a compromise and settlement of the claim is made. This limitation period was held by *Champion v. Wells,* 139 Ga. App. 759, 762 (229 SE2d 479) to be 20 years under Ga. L. 1943, p. 333 (Code Ann. § 3-704).

As to the cause of action for common law indemnity, we find no reason why the above principles on contribution (except as to applicability of Code Ann. § 3-704) should not apply, under these circumstances. Compare *McMichael,* supra, and *Evans,* supra. See also Hager v. Brewer Equipment Co., 17 N. C. App. 489 (195 SE2d 54); Mims Crane Service, Inc. v. Insley Mfg. Corp., 226 S2d 836; Annot. 57 ALR3d 867. Thus, as to both contribution and common law indemnity, the appellant's causes of action were not barred by the statute of limitation.

2. The appellant's cause of action for strict liability under Ga. L. 1968, pp. 1166, 1167 (Code Ann. § 105-106) was properly dismissed. This Code section specifically refers to "any natural person," which the appellant is not. See *American Sanitation Services, Inc. v. EDM of Texas, Inc.,* 139 Ga. App. 662 (2) (229 SE2d 136).

*Judgment reversed. Deen, P. J., and Webb, J., concur.*

ARGUED JANUARY 5, 1977 —DECIDED MARCH 8, 1977.

*Freeman & Hawkins, Richard P. Schultz, Alan F. Herman,* for appellant.

*George Hearn, III, Ben L. Weinberg, Jr., H. Garland Head, Alford Wall, Donald M. Fain, Michael J. Gorby, William C. Farmer, Henning, Chambers & Mabry, Peter K. Kintz,* for appellees.