57190. WADDEY v. DAVIS et al.

ARGUED FEBRUARY 12, 1979 — DECIDED MARCH 13, 1979.

*Hull, Towill, Norman, Barrett & Johnson, David E. Hudson,* for appellant.

*Martin, Snow, Grant & Napier, George C. Grant, Landau & Davis, Edmund A. Landau, Jr., Perry, Walters, Lippitt & Custer, Jesse W. Walters, Burt, Burt & Rentz, Don Rentz, Reinhardt, Whitley & Sims, Glenn Whitley,* for appellees.

DEEN, Chief Judge.

1. We agree with the appellee that the third party complaint against him is based primarily upon the breach of an oral contract, the statute of limitation for which is four years from the time of the breach. Code § 3-706; *Benton v. Roberts,* 35 Ga. App. 749 (3) (134 SE 846) (1926). The breach of the duty, not the time the special damage results, is the beginning period for the right of action. *Riser v. Livsey,* 138 Ga. App. 615 (227 SE2d 88) (1976). Davis had no contractual relation with the owners or

tenants of the stores involved here; his only contractual obligation was with the architect, that he would furnish him with plans for plumbing and other specified technical requirements for the project. Failure to prepare these plans in a workmanlike manner would indeed constitute a breach of an implied warranty as between these parties, and the breach occurred, if at all, when the plans were completed, accepted, and paid for. All these acts occurred more than four years prior to the filing of Waddey's third party action. Davis' contention that he was entitled to a summary judgment by reason of the statute of limitation is therefore valid. Cf. *PPG Industries, Inc. v. Genson,* 135 Ga. App. 248 (217 SE2d 479) (1975).

2. The architect contends, however, that he is a defendant in a tort action, that the tort, if any, is not his but that of the third party defendant, and that the right to contribution among joint tortfeasors is limited only by a twenty-year limitation, as held in *Independent Mfg. Co. v. Automotive Products, Inc.,* 141 Ga. App. 518, 520 (233 SE2d 874) (1977); *Champion v. Wells,* 139 Ga. App. 759, 762 (229 SE2d 479) (1976). Analysis of the pleadings, answers to requests for admission and affidavit, however, reveal that regardless of what the legal situation may be as between the various plaintiffs and the defendant architect (that is, regardless of whether or not failure to install a sprinkler system constituted a tort on the part of the architect) the subcontractor is not a named defendant in the plaintiffs' complaints, and whether or not the appellant might look to him for contribution in the payment of any judgment against the appellant must depend on whether the latter can establish negligence on the part of the third party defendant which proximately caused damage to him. A tort is by definition an unlawful violation of the legal right of another "other than a mere breach of contract, express or implied." Code § 105-101. Where there is no special relationship beyond the mere contractual one, a failure to perform in accordance with its terms will not constitute a tort as to the other contracting party. *Thomas v. Phoenix Mut. Life Ins. Co.,* 142 Ga. App. 550 (236 SE2d 510) (1977). The appellant here contends that there was a mutual understanding in the oral contract between these parties that the plans

submitted should conform to the expertise of the subcontractor and that the architect was relying upon this expertise, so that it was up to Davis to determine whether a sprinkler system was needed in the shopping plaza, whether it was required by law, how it should be installed, and so on.

The undisputed facts of the case, however, contravene this position. Davis, while engaged in preparation of the plans, inquired of Waddey whether a sprinkler system should be included and Waddey replied that the owner stated sprinklers were not required. Waddey further informed Davis that he had been informed by the city building inspector on inquiry that sprinkler systems were not required. And, thirdly, Waddey furnished Davis with a written list denominated "Outline Building Requirements" which stated in paragraph 10: "Tenant does not require a sprinkler system." We are cited to, and agree with, the statement in Looker v. Gulf Coast Fair, 203 Ala. 42 (81 S 832) (1919) which holds that "where an owner requires a certain design after having been fully apprised of its defects, he assumes the risk of those defects and cannot recover against the architect or engineer." Whether the owner or tenant was apprised of the true situation regarding the necessity for a sprinkler system we do not know, and it is not necessary here to decide. We are dealing with the architect, a third party plaintiff who must be assumed to be responsible for the technical phases of the work, and a consulting engineer to whom he has subcontracted certain technical systems. He furnished the third party defendant the information on which the latter acted. It is undisputed that Davis and his firm were not in Georgia, did not go to the building site, and had no knowledge which would conflict with that furnished him by the architect. Nowhere does it appear that Davis' opinion as to the necessity of a sprinkler system was sought, and all information furnished him by Waddey indicated that it was not. We therefore find no negligence on the part of Davis toward Waddey other than, at most "a mere breach of contract." (And even here, it appears from the facts stated above that the contract between the parties did not in fact contemplate the installation of sprinklers.)

Contribution among tortfeasors is enforceable where one has paid "more than his share of the common burden which all are equally bound to bear." *Wages v. State Farm Mut. Auto. Ins. Co.,* 132 Ga. App. 79, 83 (208 SE2d 1) (1974). In such a case the third party action is considered as an independent suit. *Evans v. Lukas,* 140 Ga. App. 182 (230 SE2d 136) (1976). To recover in tort in an independent action or its equivalent it is necessary to prove that the injury or damage resulted at least in part from the negligence of the defendant toward the plaintiff. And, as stated in *Central of Ga. R. Co. v. Schnadig Corp.,* 139 Ga. App. 193, 197 (228 SE2d 165) (1976), where the defendant in a tort action has an affirmative duty toward the public and the sole responsibility for its performance, and where it is cognizant (or, as here, is the initiating cause) of acts on the part of the third party defendant (which in that case was having a railroad sidetrack built, while in this case the defendant is a subcontractor of the architect following his directions), such defendant "cannot obtain contribution from others for it alone was responsible, since at all times it was in complete control of . . . the work." Summary judgment was properly granted to the third party defendant.

*Judgment affirmed. McMurray and Shulman, JJ., concur.*