65264. CLEMENTS v. HOUSEHOLD FINANCE
CORPORATION OF GEORGIA et al.

McMURRAY, Presiding Judge.

This appeal arises out of an action by Jacqueline Clements to collect an amount due allegedly as alimony as set forth in a settlement agreement with her ex-husband, Curtis T. Clements.

The above parties entered into a separation agreement, which eventually became a part of a divorce and alimony decree, with reference to their obligations with respect to custody, visitation, alimony, child support and a division of assets. In that agreement the husband agreed to pay certain debts in full as they became due and payable and "if legal action is brought against the Wife to recover any of the listed debts, the Husband agrees to indemnify or hold her harmless, and, in addition, to pay all attorney fees and cost of collection which she may incur as a result of such liability." One of these debts listed was in reference to the creditor, Household Finance Corporation.

Curtis T. Clements thereafter obtained a discharge in bank-

ruptcy in which this creditor holding security with reference to furniture as a joint debt with his former wife was listed as a secured indebtedness. The discharge he obtained was "from all dischargeable debts" and any judgment heretofore or hereafter obtained in any court other than the bankruptcy court was therein declared to be null and void as a determination of the personal liability of the debtor with respect to "debts dischargeable under 11 USC § 523." Any and all creditors whose debts were discharged by the discharge order and whose judgments were therein declared null and void were also enjoined from commencing, continuing or employing any action, process or act to collect, recover or offset any such debt as a personal liability of the debtor.

Household Finance Corporation of Georgia (Household Finance) brought an action against Jacqueline Clements as defendant seeking the recovery of an indebtedness evidenced by the promissory note executed by Jacqueline Clements and Curtis T. Clements and also attorney fees by reason of Code Ann. § 20-506 (Ga. L. 1953, pp. 545, 546; 1957, p. 264; 1968, p. 317) (now OCGA § 13-1-11, effective November 1, 1982).

Jacqueline Clements answered Household Finance's complaint and filed a third party complaint against Curtis T. Clements setting forth therein the defendant had agreed to pay the debt in full and to hold her harmless as to all costs, attorney fees and the indebtedness which she might incur as the result of such liability under the final judgment and decree in their divorce and alimony settlement. The third party plaintiff Jacqueline Clements demanded a judgment against this third party defendant for any sum that might be recovered against her in favor of the plaintiff and also reasonable attorney fees for representation in the matter.

The third party defendant answered the complaint setting up as an affirmative defense that he had been discharged in bankruptcy and likewise filed a motion to dismiss by reason of "11 USC 523 (a)" as being an attempt to collect said debt which is void ab initio. He also filed an affidavit in support of his motion.

This motion to dismiss came on for a hearing, and the trial court determined that his discharge in bankruptcy acted to enjoin any creditor from commencing, continuing or employing any action against him and dismissed the third party complaint. The defendant Jacqueline Clements therein sought an interlocutory appeal, which was denied by this court.

The main action came on for trial, and the trial court entered its findings of fact and conclusions of law and rendered judgment against the defendant for the principal sum of $1,346.26, $159.63 attorney fees and all court costs and also held that the ex-spouse's

obligation to defendant in no way affected the rights of the plaintiff Household Finance; and as the defendant wife was listed as a creditor and her ex-spouse was discharged by the bankruptcy court she was enjoined from filing a third party complaint by reason of automatic stay.

The defendant Jacqueline Clements appeals, not as to the judgment in favor of the plaintiff Household Finance, but only with reference to the dismissal of her third party complaint alleging error as to that ancillary order, as well as the final order holding she was enjoined from commencing, continuing or employing any action against her ex-husband or that she was not entitled to any right to contribution or indemnification from the third party defendant (her ex-husband) with reference to this case. *Held:*

1. The defendant here argues that the third party defendant was only released from all dischargeable debts, and under 11 USCA 523 (a) (5), supra, he was not discharged from any debt to a spouse, former spouse, "for alimony to, maintenance for, or support of such spouse . . . in connection with the separation agreement, divorce decree or property settlement agreement" unless such debt was assigned to another. See also in this connection In the Matter of Gentile, Bankruptcy, 16 B. R. 381, 383, wherein it was held that relief by way of payment of debts, "an obligation which defendant assumed in the dissolution agreement, must have been intended as a further contribution toward the sustenance of his now separated family." Based upon Gentile, supra, we examine the case to determine if the debt is alimony.

2. A complaint which does not show on its face that the third party action was barred for any reason as a matter of law should not be dismissed. See *McMichael v. Ga. Power Co.,* 133 Ga. App. 593 (211 SE2d 632). An examination here of the settlement decree shows clearly that the payment of the debts, as well as those of her attorney were payments of alimony under Georgia law. Therefore, the trial court erred in dismissing defendant's third party complaint with reference to the alimony which she seeks to collect, the same in no way having been assigned to another. We find no case cited by either party showing the bankruptcy court had exclusive jurisdiction with reference to this alimony indebtedness which was not discharged by the bankruptcy decree. Hence, the injunctive relief granted by the bankruptcy court in nowise prevented the defendant (third party plaintiff) from pursuing her remedy for collection of the alimony indebtedness once the judgment was rendered against her.

*Judgment reversed. Banke and Birdsong, JJ., concur.*

Decided January 27, 1983.

*Harry A. Osborne,* for appellant.
*Glen H. McQueen, Jr., Guy W. Gupton III,* for appellees.