A95A0513. EWERS v. COOPER et al.
(457 SE2d 705)

POPE, Presiding Judge.

Plaintiff Mark Ewers purchased a home from defendants Jeffrey Cooper and Joanne Williams Cooper in 1987. Plaintiff did not have a survey done, but instead relied on a survey commissioned by defendants in 1984. The 1984 survey showed that the house was very close to a pipeline easement running along the back of the property, but it did not show any encroachment. In 1991, plaintiff attempted to sell the property. The prospective purchaser had another survey done, and that survey showed that a small section of the house did encroach upon the easement. Plaintiff's purchaser was unable to get financing because of the encroachment, and the sale was not consummated. Plaintiff then brought this action for breach of warranty and moved for summary judgment. The trial court denied plaintiff's motion, concluding that the conflicting surveys created a question of fact regarding the existence of an encroachment. We granted plaintiff's application for interlocutory appeal and now affirm.

Plaintiff argues that defendants should be estopped from relying on the 1984 survey because they brought a third-party complaint against their surveyors and filed an OCGA § 9-11-9.1 affidavit in which an expert opines that the 1984 survey was incorrect and the surveyors were negligent. At first blush, plaintiff's argument has appeal. However, the legislature has expressly permitted inconsistency in pleadings. See OCGA § 9-11-8 (e) (2). Indeed, the very nature of third-party practice assures some degree of inconsistency, since the defendant will generally be in the position of saying that he is not liable to the plaintiff on the main claim, but if he is liable, the third-party defendant is responsible for all or part of that liability. See OCGA § 9-11-14.

The policy underlying third-party practice is found in OCGA § 9-11-1, which provides that "[t]his chapter shall be construed to secure the just, speedy, and inexpensive determination of every action." "In expounding this policy, our courts have held that the impleader provisions are to be *liberally* construed to avoid multiplicity of actions, to save time and cost of reduplication of evidence and to assure consistent results from similar evidence and common issues. [Cits.]" *McMichael v. Ga. Power Co.*, 133 Ga. App. 593, 594-595 (211 SE2d 632) (1974). To promote these goals, we allow inconsistencies in pleading, and this rule applies even when an affidavit must be filed to fulfill

statutory pleading requirements. Otherwise, a defendant in the position of defendants in this case would be forced to either give up his third-party claim or compromise his defense in the main action.

The expert affidavit filed pursuant to OCGA § 9-11-9.1 does not conclusively establish the existence of the encroachment any more than it conclusively establishes the negligence of the surveyors; rather, it merely serves to show that allegations that the 1984 survey was incorrect and that the surveyors were negligent are not frivolous. Cf. *0-1 Doctors &c. Co. v. Moore*, 190 Ga. App. 286, 288 (1) (378 SE2d 708) (1989) (purpose of OCGA § 9-11-9.1 is to reduce the number of frivolous malpractice suits, not to establish a prima facie case entitling plaintiff to recover).

Plaintiff's reliance on *Prophecy Corp. v. Charles Rossignol, Inc.*, 256 Ga. 27 (1) (343 SE2d 680) (1986) is also unavailing. In *Prophecy*, the Supreme Court held that the testimony of a *party* must be construed against him when it is self-contradictory. The expert's affidavit is not the testimony of a party, and the fact that defendants filed the affidavit to satisfy a statutory filing requirement does not make it their testimony.

For these reasons, the trial court properly refused to disregard the 1984 survey and correctly denied plaintiff's motion for summary judgment.

*Judgment affirmed. Beasley, C. J., and Ruffin, J., concur.*

DECIDED MAY 12, 1995.

*Chambers, Mabry, McClelland & Brooks, E. Speer Mabry III, Edwin L. Hamilton, R. Michael Malcom,* for appellant.

*Johnson & Freeman, Horace J. Johnson, Jr., Fortson, Bentley & Griffin, Ernest DePascale, Jr.,* for appellees.