BROWN *vs.* BRADFORD *et al.*

In an action on a sheriff's bond for a breach of his official duty, his sureties may avail themselves of a prior judgment, rendered in favor of the sheriff on a rule for the same alleged breach of duty.

Debt, in Muscogee Superior Court. Tried before Judge WORRILL, at November Term, 1859.

This was an action of debt brought by the Governor of the State of Georgia, for the use of Ann Adams, executrix of Patrick Adams, deceased, against William H. Lamar, Sheriff of Muscogee county, and James H. Bradford and others, the sheriff's securities on the official bond of said sheriff.

The declaration states, that at the February Term, 1856, of the Inferior Court of said county, the said Ann Adams, executrix as aforesaid, recovered a judgment against William B. Brown for $284 73, besides interest and cost, upon which a *fi. fa.* issued, returnable to August Term, 1856, of said Court; and that said *fi. fa.* was placed in the hands of said Lamar, as sheriff of said county, who failed and neglected to execute and return said *fi. fa.* to the Return Term thereof.

There was a second count in the declaration, that said Lamar collected of said Brown the full amount of said *fi. fa.* which he fails and refuses to pay to plaintiff, although requested so to do.

The defendants pleaded the general issue, but in their defense relied upon a former proceeding, verdict and judgment

had upon a rule taken out by the same plaintiff against the sheriff, to shew cause why he should not be attached for not paying over the money collected on this *fi. fa.*

Lamar, the sheriff, died pending suit, and the action proceeded against the securities.

At the trial, plaintiff offered and read in evidence the sheriff's official bond. He next introduced in evidence the *fi. fa.*, with the entries thereon. He further proved a demand upon the sheriff, before suit was brought, for the money, and here plaintiff closed.

Defendants then offered in evidence the rule *nisi* against the sheriff, his answer thereto, the traverse of the answer by plaintiff, the issue, verdict and judgment—which verdict and judgment were in favor of the sheriff. The plaintiff objected to the introduction of this evidence, which objection was overruled by the Court and the testimony admitted, and counsel for plaintiff excepted.

Plaintiff admitted that the rule *nisi* and proceedings thereon referred to the same *fi. fa.* which was the foundation of this action.

The Court charged the jury, that the verdict and judgment in the proceedings upon the rule against the sheriff, was a bar to the present cause of action, and that plaintiff could not recover—to which charge plaintiff excepted.

The jury found for the defendants; whereupon counsel for plaintiff tendered their bill of exceptions, assigning as error the rulings and charge aforesaid.

JOHNSON & SLOAN, for plaintiff in error.

WILEY WILLIAMS, *contra.*

*By the Court.*—STEPHENS, J., delivering the opinion.

The sole question here is, whether or not the sureties of the sheriff can avail themselves of the former judgment in favor of their principal, they not being parties to that judgment. We think they can. The sheriff could, beyond doubt, protect himself by the judgment, and when he is clear, we think his sureties are clear. The responsibility is for his default, and he is in default when he acts *against* the

judgment of the Courts, and not when he acts in conformity with them.    He was not in default in refusing to account again for this money, *after* there was a judgment of the proper Court that he had already accounted for it once, and was not bound to account for it any more.

Judgment affirmed.