**John SLAVICS and Jean M. Slavics, husband and wife**

**v.**

**Terry WOOD and Donald Wood, Sr.**

**Civ. A. No. 32675.**

United States District Court
E. D. Pennsylvania.

Oct. 6, 1964.

Albert C. Gekoski, Philadelphia, Pa., for plaintiffs.

Paul J. Senesky, Philadelphia, Pa., for defendants.

WOOD, District Judge.

In this personal injury action, husband and wife as co-parties brought suit on their *separate* causes of action against the defendants. The defendants answered and also filed what they termed a "counterclaim" for contribution against the husband should liability be found against the defendants regarding the wife's claim. The plaintiffs have moved to dismiss the "counterclaim" because it is contrary to the Federal Rules of Civil Procedure.

Federal Rule 13(a) obligates the defendant to assert any counterclaim *which at the time of serving the pleading*, he has against the plaintiff which arises out of the occurrence sued upon. The requirement of this rule is that the claim *must be matured* in order to qualify as a counterclaim. A claim for contribution can only arise after trial and judgment against the defendants. Rule 13 has no provision which accelerates an unmatured claim, therefore a claim for contribution which is *contingent* cannot be the subject of a counterclaim.

The proper method of joining a co-party as a third-party defendant under the Federal Rules is to sever the husband plaintiff as is permitted by the broad language of Rule 21 which states: "Any claim against a party may be severed and proceeded with separately." It is necessary to resort to Rule 21, because Rule 14 only allows a defendant to join as a third-party defendant " * * *a person not a party to the action* who is or may be liable to him for all or part of the plaintiff's claim against him."

The defendants' allusion to the Pa.R.C.P. 2252(d), 12 P.S. Appendix, while intriguing is unavailing since 2252(d) does not regulate the practice in this Court.

Therefore, we make the following:

### ORDER

And now, this 6th day of October, 1964, the plaintiff's motion to dismiss is granted with leave also granted to the defendants to sever the plaintiff John Slavics and join him as a third-party defendant in the suit filed by Jean M. Slavics by serving a summons and third-party complaint as provided by Rule 14.