## 60594. WOOTEN v. HILL et al.

SHULMAN, Judge.

Alleging that appellee Hill, a deputy sheriff, beat him in the course of serving an arrest warrant, appellant brought suit in federal court alleging a violation of his civil rights. Applying the Georgia statute of limitation for assault, the district court dismissed appellant's action as untimely. That dismissal was affirmed by the Fifth Circuit Court of Appeals. Appellant then filed an action in the Superior Court of Fulton County against Hill on his sheriff's bond and against Hill's surety. On motion by defendants, the trial court granted summary judgment on the grounds of res judicata and estoppel by judgment. We reverse.

"A judgment of a court of competent jurisdiction shall be conclusive between the same parties and their privies as to all matters put in issue, *or which under the rules of law might have been put in issue in the cause wherein the judgment was rendered . . .*" (Emphasis supplied.) Code Ann. § 110-501.

The question we must decide is whether the matter raised in the suit brought in the state court could have been put in issue in the federal suit. The Supreme Court has provided guidelines for making such determinations.

"Where state claims which 'could have been raised' in the federal litigation would have been pendent had they been presented

to the federal court, this court, in applying its res judicata statute, will use the same rules that the federal court would have used in determining whether it would exercise pendent jurisdiction. If the federal court would have *retained* jurisdiction of the pendent state claims had they been raised, then a subsequent suit in state court would be *barred* by res judicata; if the federal court would have *refrained* from exercising its pendent jurisdiction over the state claims, then the subsequent suit in the state court would *not be barred* by res judicata . . . [Fn. 2] Pendent jurisdiction relates to issues of which the federal court would not have jurisdiction if raised independently of a federal claim. 'Pendent jurisdiction, in the sense of judicial *power,* exists whenever there is a claim "arising under (the) Constitution, the Laws of the United States, and Treaties made, or which shall be made, under their Authority . . .," U. S. Const., Art. III, § 2, and the relationship between that claim and the state claim permits the conclusion that the entire action before the court comprises but one constitutional "case." The federal claim must have substance sufficient to confer subject matter jurisdiction on the court. Levering & Garrigues Co. v. Morrin, 289 U. S. 103 . . . The state and federal claims must derive from a common nucleus of operative fact . . . Needless decisions of state law should be avoided both as a matter of comity and to promote justice between the parties, by procuring for them a surer-footed reading of applicable law.' United Mine Workers of America v. Gibbs, 383 U. S. 715, 725-726 (86 SC 1130, 16 LE2d 218) . . ." *Pope v. City of Atlanta,* 240 Ga. 177, 179 (240 SE2d 241).

After applying to the facts of this case the considerations discussed in *Pope,* we conclude, as did the Supreme Court in *Pope,* that under all the circumstances here involved, "the state issues in this case 'substantially predominate' and would most likely have been left for state resolution had they been presented to the federal court. [Cit.]" Id. p. 180. It follows, therefore, that appellant's contract claim is not one which "might have been put is issue" (Code Ann. § 110-501) in the federal litigation. That being so, the trial court erred in granting summary judgment to appellees on the ground that the federal judgment was res judicata.

*Judgment reversed. Quillian, P. J., and Carley, J., concur.*

ARGUED SEPTEMBER 16, 1980 — DECIDED NOVEMBER 24, 1980 —

*E. Wayne Wallhausen,* for appellant.

*Toby B. Prodgers, Jerry Gentry,* for appellees.