## 37069. HILL et al. v. WOOTEN.

PER CURIAM.

We granted certiorari to review the opinion of the Court of Appeals in *Wooten v. Hill,* 156 Ga. App. 570 (275 SE2d 147) (1980), involving the application of our decision in *Pope v. City of Atlanta,* 240 Ga. 177 (240 SE2d 241) (1977), as it relates to the doctrine of res judicata.

Wooten filed a civil rights action under 42 USCA §§ 1983 and 1985 in federal court against Hill, a deputy sheriff of Cobb County. Also named as defendants were the sheriff and other deputies. Wooten contended that his rights were violated in connection with an alleged assault during the execution of an arrest warrant. The district court granted summary judgment to the defendants based upon the two year statute of limitation for assault. That ruling was affirmed in *Wooten v. Sanders,* 572 F2d 500 (5th Cir. 1978).

Following the adverse judgment in federal court, Wooten filed suit in the Superior Court of Fulton County against deputy Hill and Commercial Union Assurance Company, the surety on Hill's official bond. The complaint alleges the same factual assault and contends that the acts of Hill constituted a breach of his bond of office. The trial court granted summary judgment to the defendants based upon Code Ann. § 110-501 which provides: "A judgment of a court of competent jurisdiction shall be conclusive between the same parties and their privies as to all matters put in issue, or which under the rules of law might have been put in issue in the cause wherein the judgment was rendered, until such judgment shall be reversed or set aside."

A judgment based upon the statute of limitation is on the merits

and conclusive as to a party's right of action. *Gamble v. Gamble,* 204 Ga. 82 (48 SE2d 540) (1948). Code Ann. § 110-501 specifically bars suits against privies of the parties involved, and the deputy's surety is protected if the suit is barred against the deputy. See *Brown v. Bradford,* 30 Ga. 927 (1860); *Price v. Carlton,* 121 Ga. 12 (48 SE 721) (1904).

In *Pope v. City of Atlanta,* supra, we held that where a party fails to present a state law claim in federal court, a later suit in the state courts will be barred if the state claim could have been litigated in the federal court under its pendent jurisdiction. The first suit in *Pope* was an attack on a state law on federal constitutional grounds. The second suit in state court challenged the law on state constitutional grounds. Since questions involving the "construction of the State Constitution are strictly matters for the highest court of this state," we found the adverse judgment in the prior federal litigation did not bar the state suit, as the federal court would have refrained from exercising pendent jurisdiction over the state constitutional claim. *Pope,* supra at 178.

The Court of Appeals in this case held that the suit on the bond was not barred as the state issues predominated and the federal court would not have exercised pendent jurisdiction over it. We disagree. If the federal suit had been timely filed, Wooten's contract claim on the bond is one which could have been litigated under that court's pendent jurisdiction. In fact, had the breach of bond been alleged in the federal complaint, the federal court could have applied the contract statute of limitation to the civil rights claims rather than the two year statute for tort. Shaw v. McCorkle, 537 F2d 1289 (5th Cir. 1976).

There is no question but that the alleged civil rights violation and the alleged breach of the bond arise out of the same assault and "derive from a common nucleus of operative fact." United Mine Workers of America v. Gibbs, 383 U. S. 715, 725 (86 SC 1130, 16 LE2d 218) (1966). In a suit against a sheriff or deputy sheriff for breach of his official duty, he may be sued individually in tort, individually on his bond, or sued jointly with his surety on the bond. *Walker v. Whittle,* 83 Ga. App. 445 (64 SE2d 87) (1951).

The bond claim against Hill could have been asserted in federal court. The factual allegations supporting this claim are identical to those alleged as violative of 42 USCA § 1983 and § 1985 and had the claims been properly presented, the federal court could have adjudicated the state contract claim by exercising pendent jurisdiction. In such a case, the contract claim is one which "might have been put in issue in the cause wherein the judgment was rendered." Code Ann. § 110-501. The trial court was correct in

holding Wooten's claim is barred by the prior federal judgment.

*Judgment reversed. All the Justices concur, except Jordan, C. J., and Clarke, J., who dissent. Smith, J., disqualified.*

DECIDED JUNE 24, 1981.

*Sams, Glover & Gentry, Jerry L. Gentry, Awtrey & Parker, Toby B. Prodgers,* for appellants.

*Sparrow, Barnes, Barrow & Wallhausen, E. Wayne Wallhausen,* for appellee.