**GREYHOUND LINES, INC.**

v.

**COBB COUNTY, GEORGIA.**

Civ. A. No. C80–1411A.

United States District Court,
N. D. Georgia,
Atlanta Division.

Sept. 30, 1981.

Sewell K. Loggins, Michael V. Elsberry, Linda M. Rohrer, Atlanta, Ga., for plaintiff.

A. Sidney Parker, Toby B. Prodgers, Marietta, Ga., for defendant.

## ORDER

MOYE, Chief Judge.

This case comes before the Court on cross motions for summary judgment. On July 1, 1981, the Court outlined the contentions of the parties and held that plaintiff's action is not precluded under res judicata principles. The Court reserved judgment on the Cobb County defense based on the Georgia Supreme Court's decision in *Standard Oil Co. v. Mount Bethal United Methodist Church*, 230 Ga. 341, 196 S.E.2d 869 (1973), concerning the "active-passive" aspect of the law of contribution. The Court also reserved judgment on Cobb County's sovereign immunity defense which is no longer before the Court by virtue of plaintiff's waiver of any contribution claims for property damages paid. *See* note 1, plaintiff's brief filed January 19, 1981. The Court today considers the Cobb County defense named above, as well as Cobb County's motion for reconsideration of the Court's July 1, 1981 order.

Cobb County argues that under the recent decision of the Georgia Supreme Court in *Hill v. Wooten*, 247 Ga. 737, 279 S.E.2d 227 (1981), this Court incorrectly determined that the doctrine of res judicata does not bar this suit.

In *Hill*, the Court determined that a plaintiff who had earlier sued a county sheriff and several deputies for violations of federal civil rights in federal court could not later sue one of the deputy sheriffs and the surety on his bond in state court on a theory that the deputy's acts constituted a breach of his bond of office. *Id.* at 738, 279 S.E.2d 227. The Court held that the state court suit was precluded by Ga.Code Ann. § 110–501 because the bond claim against the deputy could have been asserted in federal court. Significantly, the Court found that the factual allegations supporting the bond claim were *identical* to those alleged as violative of 42 U.S.C. §§ 1983 and 1985. *Id.*

■ Cobb County argues that this Court's earlier order, holding that the plaintiff's contribution claims for the settled cases are different causes of action from the property damage claim that went to the jury in *Dunn v. Greyhound Lines, Inc.*, No. 76–2563, Cobb County, Georgia Superior Court, May 22, 1980, and the contribution

claim abandoned in *Dunn,* is in error if the analysis found in *Hill* is applied. The Court disagrees. Ga.Code Ann. § 110–501 provides that:

A judgment of a court of competent jurisdiction shall be conclusive between the same parties and their privies as to all matters put in issue, or which under the rules of law might have been put in issue in the cause wherein the judgment was rendered, until such judgment shall be reversed or set aside.

The Georgia Supreme Court has held that in order for the principles of *res judicata* to apply so as to bind a plaintiff as to any theory of his claim, the cause of action in both cases must be the same. *Spence v. Erwin,* 200 Ga. 672, 673, 38 S.E.2d 394 (1946). The Court did not veer from that holding in *Hill* as Cobb County contends when it found the principle of *res judicata* to preclude plaintiff's subsequent state court suit. The Court in *Hill* clearly stated its finding that the second suit was barred because it was based upon factual allegations identical to those found in the first suit. 247 Ga. at 738, 279 S.E.2d 227. The Supreme Court held that the alleged civil rights violation and the alleged breach of the bond arose out of the same assault and were derived from a common nucleus of operative fact. The cause of action was a suit against a deputy sheriff for breach of his official duty. While there may have been several possible theories of recovery which were all required to be pleaded in the first suit, there was only one cause of action. Consequently, the Supreme Court in *Hill* dismissed plaintiff's second suit without disturbing the "same cause of action" test referred to above which this Court applied in its earlier order.

▮ The case herein involves a cause of action not previously placed before a court of competent jurisdiction. Plaintiff seeks contribution for the payments it made to several plaintiffs arising out of an accident involving one of its busses and a Cobb County truck on September 12, 1975. As this Court noted earlier, the contribution claims are different causes of actions than those decided in *Dunn* and consequently are not barred by the doctrine of *res judicata* as that doctrine is understood by this state's appellate courts. On the basis of *res judicata,* defendant's motion for summary judgment having been reconsidered, the same is again DENIED.

▮ The Court now turns to Greyhound's attempt to use collateral estoppel to recover contribution from defendant. Collateral estoppel, or estoppel by judgment as it is called by Georgia courts, has reference to previous litigation between the same parties based upon a different cause of action. An estoppel by judgment occurs only as to such matters as were necessarily or actually adjudicated in the former litigation. *Scarborough v. Edgar,* 176 Ga. 574, 581, 168 S.E. 592 (1933). It is clear from the pleadings and exhibits thereto that the Hon. Luther C. Hames, Judge of the Superior Court of Cobb County, entered an order and judgment on a jury verdict on May 22, 1980, holding Greyhound 40 percent negligent and Cobb County 60 percent negligent for the accident that occurred on September 12, 1975. On the basis of that decision which has decided forever the question of fault as between those parties in said accident, Greyhound seeks contribution pursuant to Ga.Code Ann. §§ 105–2011 and 105–2012. Ga.Code Ann. § 105–2011 provides:

Where several trespassers are sued jointly, the plaintiff may recover, against all, damages for the greatest injury done by either. The jury may, in their verdict, specify the particular damages to be recovered of each, and judgment in such case must be entered severally.

Ga.Code Ann. § 105–2012 reads:

(1) Where the tortious act does not involve moral turpitude, contribution among several trespassers may be enforced just as if they had been jointly sued. Without the necessity of being charged by suit or judgment, the right of contribution from another or others shall continue unabated and shall not be lost or prejudiced by compromise and settlement of a claim or claims for injury to person or property or for wrongful death, and release therefrom.

(2) If judgment is entered jointly against several trespassers, and is paid off by one, the others shall be liable to him for contribution.

Greyhound argues that while no right of contribution between joint tortfeasors existed at common law, *Southern Ry. v. City of Rome*, 179 Ga. 449, 176 S.E. 7 (1934), the above statutes entitle a tortfeasor to contribution from another who is jointly liable with him. Citing *Waddy v. Davis*, 149 Ga. App. 308, 312, 254 S.E.2d 465 (1979), *Wages v. State Farm*, 132 Ga.App. 79, 83, 208 S.E.2d 1 (1974), and *Goldhill v. Kramer*, 122 Ga.App. 39, 40, 176 S.E.2d 232 (1970), the plaintiff argues that the right to contribution exists in this case where Greyhound has paid claimants $80,250.00 and Cobb County has paid only $25,000.00.

Cobb County's defense to Greyhound's claim is that because Greyhound's negligence was active it may not recover under a contribution theory from Cobb County. Cobb County cites *Standard Oil Company v. Mount Bethal United Methodist Church*, 230 Ga. 341, 344-45, 196 S.E.2d 869 (1973), for this proposition.

In *Standard Oil* the Supreme Court, without citing Ga.Code Ann. § 105-2012 which authorizes actions for contribution, stated:

"Where one of two or more joint tortfeasors has been sued for and compelled to satisfy damages arising from a jointly tortious transaction, he cannot, as a general rule, maintain an action for contribution or indemnity over against those connected with him in the tort; but if the liability of the tortfeasor in the original suit arises merely from negative actions of omission on his part, such as a failure in his duty to inspect, and the proximate cause of the injury, so far as the joint tortfeasors are concerned, lay in active, positive acts of negligence on the part of the other tortfeasor, in which the original defendant did not in any way participate, then an exemption to the general would exist."

340 Ga. at 344-45, 196 S.E.2d 869. The Court relied on *Central of Ga. R. Co. v. Macon R. & Light Co.*, 140 Ga. 309, 78 S.E. 931 (1913). Cobb County argues that because the parties have stipulated that the accident arose out of active, positive acts of negligence on the parts of both parties, *see* Stipulation filed Jan. 19, 1981, ¶ 11, the holdings in *Central of Ga.* and *Standard Oil* preclude recovery by Greyhound under Ga. Code Ann. § 105-2012.

Greyhound contends the above-referenced statement of the Supreme Court in *Standard Oil* does not defeat its claim against Cobb County because the statement on which Cobb County relies is (1) *dicta*, and (2) not a correct statement of Georgia law. The statement was *dicta*, it is argued, because the contractor in *Standard Oil* was not seeking contribution; rather he was seeking indemnification from Standard Oil for all of his liability.

The Supreme Court decided that under the evidence presented in *Standard Oil* the defendants were joint trespassers as defined by Ga.Code Ann. § 105-2011. 230 Ga. at 344. The Court held that neither defendant was entitled to require apportionment of the damages pursuant to Ga. Code Ann. § 105-2011 since the trial judge, as trier of fact, did not specify the particular damages to be recovered of each defendant. The Court then stated the common-law rule which barred contribution and found no exception to that rule applicable since the contractor was a passive tortfeasor. The Court, as noted above, relied on a decision of the Supreme Court rendered in 1913, *Central of Ga. R. Co. v. Macon R. & Light Co.*, 140 Ga. 309, 78 S.E. 931 (1913). Because the Supreme Court converted the contractor's claim for indemnification into one for contribution from a joint tortfeasor due to the facts of the case, this Court does not agree with Greyhound that the statements made in Standard Oil were *dicta*. The Supreme Court found the case to be one wherein contribution was sought and it applied common law contribution doctrines to the facts. Greyhound's argument that the Court's application of Georgia law was improper remains as the single avenue for recovery by Greyhound since, if the law as stated in *Standard Oil* is

applied, Greyhound, an admitted active tortfeasor, cannot recover from another active tortfeasor for contribution.

An excellent analysis of the very issue before the Court appeared in a student law review note immediately before the Supreme Court decided *Standard Oil. See* Note, *Torts-Distribution of Judgment Among Tortfeasors—An Approach of Fairness Among The Parties,* 24 *Mer.L.Rev.* 697 (1973). The article noted a recent decision of the Court of Appeals of New York which abolished the dichotomy that existed at common law between active and passive negligence in contribution cases. *See Dole v. Dow Chemical Co.,* 30 N.Y.2d 143, 282 N.E.2d 288 (1972). The student examined the common law rule against indemnity or contribution between joint tortfeasors, the origin of which was the English case of *Merryweather v. Nixan,* 101 Eng.Rep. 1337 (K.B. 1799), and pointed out the exception which arose when a passively negligent tortfeasor was forced to pay damages which were primarily caused by the active negligence of another tortfeasor. 24 *Mer.L.Rev.* at 698. The New York Court of Appeals, in *Dole v. Dow Chemical Co.,* rejected both the common law rule against contribution and the "active-passive" exception thereto in holding that apportionment of damages should be permitted among joint or concurrent tortfeasors regardless of the degree or nature of the concurring fault.

The writer of the Mercer Law Review note observed that the law in Georgia was already in accord with the holding of *Dole* since Ga.Code Ann. § 105–2012, enacted in 1966, *see* 1966 Ga.Laws 433, and amended in 1972, *see* 1972 Ga.Laws 132, abrogated the common law doctrine which prevented recovery for contribution and apparently ended the "active-passive" distinction referred to by the Supreme Court in 1913 in *Central of Georgia Railway.* The writer stated:

> The clarity of Georgia's contribution statute leaves much to be desired. However, when coupled with Georgia's Civil Practice Act the resultant seems to dispose of the necessity of a judicial burial of the active-passive negligence distinc-

tion as was accomplished in New York by *Dole.*

24 Mer.L.Rev. at 701.

Greyhound argues that the Supreme Court, in paraphrasing and relying upon *Central of Georgia Railway* while ignoring Ga.Code Ann. § 105–2012, misstated Georgia law. Greyhound points to several cases decided since *Standard Oil* by the Georgia Court of Appeals discussing the prerequisites to contribution, none of which mentioned a requirement for passive negligence by the one seeking contribution. *See,* e. g., *Georgia Southern & Florida Ry. v. Odum,* 152 Ga.App. 664, 264 S.E.2d 469 (1979) (*cert. denied*), and *Wages v. State Farm Mutual,* 132 Ga.App. 79, 208 S.E.2d 1 (1974). The plaintiff also relies upon a Georgia Supreme Court decision rendered prior to the 1966 statute, *Eidson v. Maddox,* 195 Ga. 641, 24 S.E.2d 895 (1943), which declared irrelevant the joint tortfeasors' kind of negligence:

> "It will not be disputed that all who join in the commission of a wrong resulting in injury are jointly and severally liable for the entire damage sustained, without regard to the degree of culpability of each. [Citation omitted.] It is argued, however, that this principle relates only to the duty owing the injured party; and that it can not be applied in the instant case, because under the stricken amendment it was shown that as between the original wrong-doers, Maddox's negligence greatly preponderated. The answer to this argument, it seems to us, is that regardless of whose negligence preponderated, when the joinder of both produced the injury, the liability became equal. [Quotation omitted.] . . .

> Before the right of contribution arises, one must have paid more than his share of a common burden which all were equally bound to bear, which arose in a case where the liability was joint, joint and several, or several. The suits here involved were joint suits, the liabilities asserted were joint, and the recoveries were against them jointly. They [the defendants] were equally bound to bear the common burden, which was the result

of their concurring negligence. The burden was no less joint because the negligence of the several defendants may have been different in kind or degree. What they had to bear was the joint liability of their joint negligence. It was as much a burden to one as to the other. They were equally liable to the plaintiffs and equally bound to discharge the several judgments."

195 Ga. at 644–45, 24 S.E.2d 895.

The Court notes that one writer discussing contribution who has written since *Standard Oil* has listed the requirements for recovery from a joint tortfeasor as follows: "[A] party (is) entitled to enforce contribution against a joint tortfeasor if he could demonstrate that he (has) been the object of a prior adverse judgment and either that he (has) satisfied the judgment . . . or that he (has) paid more than his pro rata share." Simpson, *Third Party Practice in Georgia*, 13 Ga.L.Rev. 13, 20 (1978). The author conspicuously omits reference to "active-passive" negligence but relies upon *McMichael v. Georgia Power Co.*, 133 Ga.App. 593, 211 S.E.2d 632 (1974), and *Gosser v. Diplomat Restaurant, Inc.*, 125 Ga.App. 620, 188 S.E.2d 412 (1972), for his conclusion. This Court's reading of those cases convinces the Court that Mr. Simpson was correct in his analysis and that the above test is the one mandated by Ga.Code Ann. § 105–2012, with the exception, also noted by Simpson elsewhere in his article, that contribution may not be had if the tortious act involved moral turpitude. *See* 133 Ga.App. at 594; 13 Ga.L.Rev. at 20.

While this Court is troubled by the conflicting opinions of the Georgia appellate courts, it believes that the safest way to carry out its duty to apply Georgia law as required by *Erie R. Co. v. Tompkins*, 304 U.S. 64, 58 S.Ct. 817, 83 L.Ed. 1188 (1938), is to follow the applicable statute, Ga.Code Ann. § 105–2012. A decision of a state supreme court must be on the precise point in controversy in the federal court in order to have binding effect as a precedent, and state decisions to be conclusive must clearly establish the rule to be followed. *Polk*

*County, Georgia v. Lincoln National Life Ins. Co.*, 262 F.2d 486, 489 (5th Cir. 1959). Federal courts are not required to adopt a construction of a state statute based on mere implication from the language of a judicial opinion. *Id.* at 489–90. *See also Hood v. Dun & Bradstreet, Inc.*, 486 F.2d 25, 31 (5th Cir. 1973), *cert. denied*, 415 U.S. 985, 94 S.Ct. 1580, 39 L.Ed.2d 882 (1974); 1A Moore's Federal Practice ¶ 0.309[1]. Consequently, the Court believes that in applying the rule of contribution embodied in Ga.Code Ann. § 105–2012 it need not be bound by the Georgia Supreme Court's decision in *Standard Oil* since the Supreme Court did not refer therein to Ga.Code Ann. § 105–2012. This Court believes that the law of Georgia is that an active tortfeasor may recover contribution from another active tortfeasor just as if they had been jointly sued where the tortious act does not involve moral turpitude. Consequently, the Court GRANTS Greyhound's motion for summary judgment, DENIES Cobb County's like motion, and DIRECTS the Clerk to enter judgment in favor of Greyhound and against Cobb County in the amount of $27,-625, plus the costs of this action.