Morris Milton **STEINBERG**, Plaintiff,

v.

**ST. PAUL MERCURY INSURANCE**, Defendant.

**Civ. A. No. CV184–201.**

United States District Court, S.D. Georiga, Augusta Division.

Nov. 20, 1985.

James B. Wall, Stephen H. Steinberg, Augusta, Ga., for plaintiff.

Robert M. Finlayson, Robert B. Wedge, John E. Gilchrist, Atlanta, Ga., for defendant.

## ORDER

BOWEN, District Judge.

Before the Court are the motions of both parties for summary judgment. Morris Milton Steinberg ("Steinberg") moves this Court for a partial summary judgment claiming that St. Paul Mercury Insurance Company failed to assert a compulsory counterclaim or affirmative defense in an earlier proceeding before this Court, *Morris Milton Steinberg v. St. Paul Mercury Insurance Co.*, CV182–176 (S.D.Ga. October 24, 1983), thereby precluding such a pleading in the case at bar. Steinberg also contends that the doctrine of *res judicata* precludes St. Paul Mercury Insurance Company (the "insurer") from raising a matter which could have been put in issue in the first suit.

Mr. Steinberg has brought this action pursuant to O.C.G.A. § 44–14–3 (Supp. 1985), which provides in part:

(b) Whenever the indebtedness secured by any instrument is paid in full, the grantee of the instrument, within 45 days of the date of the full payment, shall cause to be furnished to the grantor or to the clerk of the superior court of the county or counties in which the instrument is recorded a legally sufficient satisfaction or cancellation to authorize and direct the clerk or clerks to cancel the instrument of record....

(c) Upon the failure of the grantee to transmit properly a legally sufficient satisfaction or cancellation as provided in this Code section, the grantee shall be liable to the grantor for the sum of $200.00 as liquidated damages and, in addition thereto, for such additional sums for any loss caused to the grantor plus reasonable attorney's fees. The grantee shall not be liable to the grantor if he demonstrates reasonable inability to

comply with subsection (a) of this Code section; and the grantee shall not be liable to the grantor unless and until a written demand for the transmittal is made.

Steinberg contends that St. Paul Mercury Insurance Company is liable to him, pursuant to O.C.G.A. § 44–14–3(c) (Supp.1985), for the sum of two hundred dollars ($200) as liquidated damages plus reasonable attorney's fees.

Defendant and counterclaimant St. Paul Mercury Insurance Company claims that it is entitled to a summary judgment for two reasons. First, the insurer contends that it was not required to raise a counterclaim in the earlier action because the grounds therefor did not fully come into being until after the insurer filed its responsive pleadings in the earlier case. Second, the insurer contends that its claim for set-off was not barred by the principle of *res judicata* because "set-off" is a counterclaim and not an affirmative defense, as Steinberg alleges. The insurer's counterclaim demands the balance due and payable under the secured note, $11,196.52, plus interest thereon at the rate of nine per cent (9%) per annum since January, 1983, plus attorney's fees in the amount of fifteen per cent (15%) of the total amount due and owing.

As set forth in the joint status report filed with the Court on February 22, 1985, the resolution of the dispute as to whether the insurer has waived its claims under the note and security deed by virtue of its failure to assert a set-off or counterclaim in the prior litigation will ultimately resolve all of the issues in this case. Three issues are raised by these motions for summary judgment:

1. Whether the insurer's counterclaim was a compulsory counterclaim in the earlier action, thereby precluding the insurer from raising the claim in this action;

2. Whether the insurer is barred by the principle of res judicata from raising its counterclaim; and

3. Whether the claim of set-off is an affirmative defense that should have been raised by the insurer in the earlier action?

## I

Summary judgment should be granted only if "there is no genuine issue as to any material fact and ... the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). The party seeking summary judgment bears the burden of showing that there is no genuine dispute as to any material fact in the case. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157, 90 S.Ct. 1598, 1608, 26 L.Ed.2d 142 (1970); *Clemons v. Dougherty County, Ga.*, 684 F.2d 1365, 1368 (11th Cir.1982). If there is any factual issue in the record that is unresolved by the motion for summary judgment, then the court may not decide that matter. *See Environmental Defense Fund v. Marsh*, 651 F.2d 983, 991 (5th Cir.1981).

The following is a detailed summary of uncontested facts that both parties filed with the court in the joint status report:

It is uncontested that:

(1) Morris Milton Steinberg and Edith K. Steinberg executed a note and Security Deed to Augusta Federal Savings & Loan Association dated March 25, 1976, which Security Deed is recorded in the Office of the Clerk of Superior Court of Richmond County, Georgia, in Reel 58, pages 2162–2169.

(2) That said note and Security Deed were assigned to St. Paul Mercury Insurance Company on December 1, 1982, after St. Paul Mercury Insurance Company had made payment to the said savings and loan association in the full amount of the note.

(3) That Edith K. Steinberg has assigned to Morris Milton Steinberg all of her interest in the property which was the subject of said Security Deed and in the claim for the fire loss.

(4) Suit was instituted on June 24, 1982, by Morris Milton Steinberg against St. Paul Mercury Insurance Company as a result of said fire loss, which suit was

removed to this Court, same being Civil Action File No. CV182–176. The Defendant St. Paul served responsive pleadings on August 3, 1982.

(5) That no counterclaim or set off was asserted by Defendant St. Paul Mercury Insurance Company in said Civil Action File No. CV182–176, after a jury trial.

(6) Judgment was entered in favor of Defendant St. Paul Mercury Insurance Company on October 24, 1983, in said Civil Action File No. CV182–176.

(7) That Plaintiff by letter dated July 31, 1984, made demand upon Defendant pursuant to O.C.G.A. § 44–14–3 that Defendant transmit a legally sufficient satisfaction or cancellation of said Security Deed.

(8) That Defendant has failed to transmit said satisfaction or cancellation of said Security Deed.

(9) Defendant made demand on Plaintiff for payment in full of the subject promissory note on October 18, 1984, pursuant to O.C.G.A. § 13–1–11. Plaintiff has failed to make said payment within the statutory period.

## II

1. WAS DEFENDANT'S COUNTERCLAIM A COMPULSORY COUNTERCLAIM IN THE EARLIER ACTION, THEREBY PRECLUDING DEFENDANT FROM RAISING THE CLAIM IN THIS ACTION?

■ St. Paul Mercury Insurance Company served its answer in the previous case on August 3, 1982. This was at least three (3) months *before* the insurer's claim on the promissory note and security deed arose. According to Fed.R.Civ.P. 13(a):

A pleading shall state as a counterclaim any claim which at the time of serving the pleading the pleader has against any opposing party, if it arises out of the transaction or occurrence that is the subject of the opposing party's claim and does not require for its adjudication the presence of third parties of whom the court cannot acquire jurisdiction.

A party who fails to assert a compulsory counterclaim under Fed.R.Civ.P. 13(a) will be barred from interposing that claim in future litigation. 6 Wright and Miller, *Federal Practice and Procedure* § 1411, at 54.

■ Rule 13(a) applies to counterclaims that have "matured at the time" the defendant serves his pleadings. *Id.* at 55. Thus, "[a] counterclaim acquired by defendant after he has answered will not be considered compulsory, even if it arises out of the same transaction as does plaintiff's claim." *Id.; See also Stahl v. Ohio River Co.,* 424 F.2d 52, 54 (3rd Cir.1970); *Marus v. Marcoux,* 41 F.R.D. 332, 335 (D.R.I. 1967). A counterclaim which is likely to arise or is contingent at the time the defendant serves his answer, is not "matured" for the purposes of Rule 13(a). *See Slavics v. Wood,* 36 F.R.D. 47 (E.D.Pa. 1964). Defendant's counterclaim must be completely vested at the time defendant serves his answer for such claim to be "matured" for the purposes of Rule 13(a).

Thus if P sues A and A does not have a claim arising out of the transaction or occurrence that is the subject matter of P's suit at the time A serves his answer, A is not obliged to plead such a claim, although one arises subsequent to the service of his answer.

*Moore's Federal Practice* ¶ 13.14[1], at 13–82—13–83.

■ In the present case, there is no doubt that St. Paul Mercury Insurance Company's counterclaim "matured" after the insurer filed its answer. The insurer served its answer in the earlier action, CV182–176, on August 3, 1982. The assignment of the security deed and promissory note from Fulton Federal Savings and Loan Association to the insurer was executed on December 1, 1982. Consequently, defendant's claims on the security deed and promissory note did not fully mature until December 1, 1982. The fact that the insurer might have known that eventually it would have this counterclaim against Steinberg does not affect the determination of the time at which this counterclaim ma-

tured for the purposes of Fed.R.Civ.P. 13(a).

## 2. IS DEFENDANT BARRED BY THE PRINCIPLE OF *RES JUDICATA* FROM RAISING ITS COUNTER-CLAIM IN THIS ACTION?

In diversity of citizenship cases, the federal court will look to state law on the issue of *res judicata. Forrester v. Southern Railway Co.,* 268 F.Supp. 194, 196 (N.D. Ga.1967). According to O.C.G.A. § 9–12–40 (1982):

> A judgment of a court of competent jurisdiction shall be conclusive between the same parties and their privies as to all matters put in issue or which under the rules of law might have been put in issue in the cause wherein the judgment was rendered until the judgment is reversed or set aside.

The Georgia case law makes it clear that this statute applies to all matters which could have been put into issue at the time the parties filed their respective pleadings. *See, e.g., Hill v. Wooten,* 247 Ga. 737, 279 S.E.2d 227 (1981); *Loganville Banking Co. v. Forrester,* 17 Ga.App. 246, 87 S.E. 694 (1915). The present case, however, differs from this line of cases in that the insurer's counterclaim in this case arose at least three months after its answer had been served. There is no case law that is directly on point with the case at bar.

Plaintiff Steinberg contends that O.C.G.A. § 9–12–40 (1982) bars St. Paul Mercury Insurance Company from raising its counterclaim in the present case. This contention necessarily implies that the insurer had to raise its counterclaim when it arose or waive the right to such claim. Thus, Steinberg would transform the insurer's claim into a compulsory counterclaim.

■ There is no indication in the Georgia case law that O.C.G.A. § 9–12–40 (1982) was meant to alter the traditional meaning of *"res judicata."* Accordingly, if a defendant has a counterclaim that is not compulsory, *see* Fed.R.Civ.P. 13(a), *supra,* such claim is not barred in a subsequent action if the claim was not addressed in the for-

mer case. *See,* 6 Wright & Miller, *Federal Practice and Procedure,* § 1409, at 37. Furthermore, for a claim to be barred by the doctrine of *res judicata,* the merits of such claim must have been addressed in the final judgment of an earlier proceeding. Defendant's claims on the security deed and promissory note were not at issue in the earlier case. The judgment in the earlier case declared that St. Paul Mercury Insurance Company did not have to compensate Steinberg for the fire loss. The merits of the insurer's claims on the security deed and promissory note were not addressed in that earlier case, and therefore, these claims are not *res judicata* in the case at bar.

## 3. IS DEFENDANT'S CLAIM OF SET–OFF AN AFFIRMATIVE DEFENSE THAT SHOULD HAVE BEEN RAISED IN THE EARLIER ACTION?

Plaintiff Steinberg contends that he is entitled to summary judgment on the issue of set-off because the insurer did not raise this issue in the first case. Plaintiff's argument is based on Fed.R.Civ.P. 8(c), which requires affirmative defenses to be raised by the defendant in its pleadings. In this case, St. Paul Mercury Insurance Company would have had to raise the issue of set-off in the first trial to satisfy the requirements of Fed.R.Civ.P. 8(c).

■ Plaintiff's contention has one major flaw: the issues of set-off and recoupment are counterclaims, not affirmative defenses. *Swim Dixie Pool Corp. v. Kraemer,* 157 Ga.App. 748, 278 S.E.2d 448 (1981); *Gwinnett Commercial Bank v. Flake,* 151 Ga.App. 578, 579–580, 260 S.E.2d 523 (1979). According to Professor Moore, set-off affords the basis for a permissive counterclaim. 2A *Moore's Federal Practice* ¶ 8.27[3] (2d ed. 1984).

### III

The parties have directed their arguments primarily to the issue of whether the insurer's claim in the present case was "matured" at the time of the first action,

and, if so, whether the insurer's claim was a compulsory counterclaim in that earlier action. It appears, however, that the parties have overlooked an important issue that the Court must address. The issue involved in the earlier action, *Morris Milton Steinberg v. St. Paul Mercury Insurance Co.*, CV182–176 (S.D.Ga. October 24, 1983), was whether Steinberg could recover from his insurer for losses incurred when a place of business was destroyed by fire. Judgment was entered in favor of the defendant insurer which raised the defense of arson on the part of Steinberg.

■ There was no reason why the issue of the promissory note should have been raised as a compulsory counterclaim in the earlier action on the insurance policy between the parties. Clearly, the insurer's claims under the note and security deed, and those of its predecessor in title, did *not* arise from the same transaction, event, or occurrence that gave rise to the action in that earlier case. Because there was no "transactional commonality" between Steinberg's claims arising out of the fire and the insurer's claims under the note and security deed, the Court concludes that the St. Paul Mercury Insurance Company's claim was *not* a compulsory counterclaim, regardless of when it matured.

## IV

Therefore, IT IS ORDERED that plaintiff's motion for summary judgment is DENIED because St. Paul Mercury Insurance Company did not fail to assert a compulsory counterclaim or affirmative defense in the the earlier case, CV182–176. The court does *not* find that the insurer's counterclaim is barred on the grounds of *res judicata.* Accordingly, IT IS ORDERED that the insurer's motion for summary judgment is GRANTED.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that St. Paul Mercury Insurance Company is awarded judgment of the balance due and payable under the secured note, $11,296.52, plus interest thereon at the rate of nine per cent (9%) per annum since January, 1983, plus attorney's fees in the amount of fifteen per cent (15%) of the total amount due and owing, plus future interest at the federal rate.