23324. CITY OF ALBANY v. OXFORD CONSTRUCTION COMPANY.

ARGUED FEBRUARY 14, 1966—DECIDED MARCH 10, 1966— REHEARING DENIED MARCH 22, 1966.

*H. G. Rawls,* for appellant.

*Frank H. Lowe, Jr., G. Stewart Watson, Watson, Keenan, Spence & Lowe,* for appellee.

*W. T. Divine, Jr.,* for party at interest not party to record.

ALMAND, Justice. The City of Albany filed its suit against Oxford Construction Company and others seeking to recover damages for expenses incurred by the city. The defendant, a subcontractor, in doing certain excavation work for Dougherty County severed the natural gas supply line into the City of Albany's gas distribution system in the use of its machinery, causing a loss to the city of $16,000. The general demurrers of the defendant, Oxford Construction Company, were overruled, and on review of its bill of exceptions, the Court of Appeals reversed the order of the trial court. *Oxford Construction Co. v. City of Albany,* 112 Ga. App. 654 (145 SE2d 737). We granted the City of Albany's petition for the writ of certiorari.

The sole question for decision is: did the amended petition set forth sufficient facts to withstand a general demurrer? The allegations as to the acts of Oxford which were alleged to be negligent were: "1. In failing to make inquiry of plaintiff with reference to the presence across the drainage canal right of way of the natural gas line; 2. In failing to make inquiry of the

superintendant of the Gas Department of plaintiff's natural gas section of its public utilities department with reference to the location of the natural gas main; 3. In failing to go to the office of the General Manager of plaintiff's natural gas section and observe a large map on the wall of that office showing the specific location of all of plaintiff's gas lines; and, 4. In plowing into and contacting the gas main and rupturing the same thereby cutting off plaintiff's natural gas supply." By amendment, plaintiff also alleged "that the plans and specifications which were prepared by the co-defendant engineers and were in actual use by the Oxford Construction Company, co-defendant sub-contractor, had the following note prominently displayed therein: 'Note: Existing utilities shown on these plans are from maps and other information furnished by the City of Albany, Water, Gas and Light Department, Southern Bell Telephone and Telegraph Company, and others, these are shown for information only and are schematic. It shall be the contractor's responsibility to determine the exact location of all utilities and to protect same—above and under ground—during construction. To minimize delays to work and possible damage to utilities the engineers and owner will cooperate by shifting line locations with street r/w wherever feasible, provided such changes do not materially affect the design intent of plan or cause other damage.' Therefore, plaintiff says that Oxford Construction Company, co-defendant sub-contractor, was negligent in its failure to discover the presence of the gas pipeline and avoid severing the same."

The Court of Appeals held: "Where engineers supplied a contractor with plans for the excavating of a drainage canal, carrying a notation that existing utilities were shown schematically from information supplied by the City of Albany and others and that it would be the contractor's responsibility to locate with exactness the lines and protect them, a petition by the city against the contractor alleging that it had suffered loss when a supply line from South Georgia Natural Gas Company to its distribution system was ruptured in the excavating work, that the engineers had failed to note or show on the plans the existence of the line and that the gas company had failed to record

its right of way or lease or to erect markers showing location of the underground line, sets out no cause of action against the contractor." 112 Ga. App. 654.

We do not agree with the conclusion reached by the Court of Appeals. The allegations in the amended petition are sufficient to charge that the defendant had the responsibility to determine the exact location of *all* utilities above and under ground and to protect the same during construction and that it was negligent in failing (a) to make inquiry of the city as to the location of the gas line and (b) to go to the office of the general manager of plaintiff's natural gas section and observe a large map on the wall of that office showing the specific location of all of the plaintiff's gas lines.

The fact that in the plans and specifications prepared by the engineers and used by the defendant Oxford it was stated that "existing utilities shown on these plans are from maps furnished by the City of Albany, Water, Gas and Light Department, Southern Bell Telephone and Telegraph Company and others, these are shown for information only and are schematic," would not relieve the defendant from liability to one not a party to the construction, if it negligently caused injury to a third party. In *State Constr. Co. v. Johnson,* 88 Ga. App. 651 (3) (77 SE2d 240) it was held: "The court erred in instructing the jury in effect that they should look to the contract between the defendant and the State Highway Department for the purpose of ascertaining the degree of care owed by the defendant to the plaintiff and the public under the facts of this case." In the opinion, it was stated at page 657 that "an agreement by a contracting party to exercise certain precautions will not be conclusive and binding in an action against him by a third person who is a stranger to the contract that such precautions, and no others, must be used as the measuring stick of the duty of ordinary care owed by him to the public generally." It was also stated that "if parties were so allowed to contract, and if their contract was given full effect, the parties might agree on certain precautions, or lack of precautions, which would not amount to the exercise of ordinary care under the circumstances, and so circumvent the law." See also *Leonard v. Fulton Nat. Bank of Atlanta,* 86 Ga. App. 635

(72 SE2d 93). In *Allied Enterprises, Inc. v. Brooks,* 93 Ga. App. 832 (1) (93 SE2d 392), it was held that "the law imposes upon building contractors and others performing skilled services the obligation to exercise a reasonable degree of care, skill, and ability, which is generally taken and considered to be such a degree of care and skill as, under similar conditions and like surrounding circumstances, is ordinarily employed by others of the same professions." In *Mitchell v. Schofield's Sons Co.,* 16 Ga. App. 686, 690 (85 SE 978), it was said that "in order that a party may be liable in negligence, it is not necessary that he should have contemplated or even be able to anticipate the particular consequences which ensued, or the precise injuries sustained by the plaintiff. It is sufficient if, by exercise of reasonable care, the defendant might have foreseen that some injury would result from his act or omission, or that consequences of a generally injurious nature might have been expected."

The case of *Perry v. Ready Mix Concrete Constr. Co.,* 66 Ga. App. 716 (19 SE2d 196), relied on by the Court of Appeals is distinguishable from the present case. In that case it was held that a contractor was not liable to a third person in cutting an underground gas pipeline while excavating, where it appears from the petition "that no investigation less than actual digging could have detected the existence of a pipeline on the lot in question." In the instant case, it is that the contractor was negligent in failing to go to the office of the city's natural gas section and observe the location of *all* of the plaintiff's gas lines.

The Court of Appeals erred in its ruling that the petition failed to set forth a cause of action against Oxford Construction Company.

*Judgment reversed. All the Justices concur.*