A89A1055. UNION CAMP CORPORATION v. SOUTHERN BULK INDUSTRIES, INC.
(386 SE2d 866)

McMURRAY, Presiding Judge.

Plaintiff Union Camp Corporation brought suit against defendant Southern Bulk Industries, Inc., in the Superior Court of Chatham County. Plaintiff alleged that it entered into a contract with the City of Savannah pursuant to which the City was to supply water to plaintiff through the City's water supply system; that defendant negligently damaged a water supply pipeline while constructing and operating a holding pond on property leased by defendant; that, consequently, the supply of water to plaintiff was interrupted and the production of plaintiff was curtailed substantially; and that plaintiff thereby sustained damage in the amount of $182,070.94. Defendant moved to dismiss the complaint for failure to state a claim upon which relief can be granted. The superior court granted defendant's motion and plaintiff appeals. *Held*:

"Under the Civil Practice Act (Ga. L. 1966, p. 609, as amended by Ga. L. 1967, p. 226) a motion to dismiss a complaint for failure to state a claim should not be granted unless the averments in the complaint disclose with certainty that the plaintiff would not be entitled to relief under any state of facts that could be proved in support of the claim." *Harper v. DeFreitas*, 117 Ga. App. 236 (1) (160 SE2d 260). Does the complaint disclose that plaintiff is not entitled to relief?

In *Byrd v. English*, 117 Ga. 191 (43 SE 419), a case which is nearly identical to the case sub judice, the Supreme Court held that plaintiff's petition did not state a cause of action and that the general demurrer filed by defendants was sustained properly. In *Byrd*, the pe-

tition alleged that plaintiff maintained a printing and publishing business in the City of Atlanta; that plaintiff was dependent upon electric power furnished by the Georgia Electric Light Company to operate his machinery; that the electric power was conveyed through wires which were placed under the ground in conduits; that on a day certain defendants were engaged in constructing a building on the lot of defendant English when they negligently caused a wall of earth to fall on the conduits containing the electric wires; that the wires were broken and plaintiff was unable to conduct his business for several hours; and that, as a result of defendants' negligence, plaintiff suffered damages. The petition was amended to allege that the Georgia Electric Light Company furnished electricity to plaintiff pursuant to a contract; and that pursuant to the contract, plaintiff could not recover from Georgia Electric Light Company for damages occasioned by the accidental disruption of service.

In ruling that the general demurrer filed by defendants was sustained properly, the *Byrd* court held: "A party to a contract who is injured by reason of the failure of the other party to comply with its terms can not recover damages for the negligent act of a third person by which the performance of the contract was rendered impossible." *Byrd v. English*, supra at 191. In so holding, the *Byrd* court reasoned: "It will be borne in mind that this is not an action for an injury to the person or property of the plaintiff. It is not claimed that the defendants have violated any contractual duty owed to the plaintiff. Their duty to the public in performing the work in which they were engaged was to do it in such a manner as not to negligently injure the person or property of anyone. According to this petition, the damage done by them was to the property of the Georgia Electric Light Company, which was under contract to furnish to the plaintiff electric power, and the resulting damage done to the plaintiff was that it was rendered impossible for that company to comply with its contract. If a plaintiff can recover of these defendants upon this cause of action, then a customer of his, who was injured by the delay occasioned by the stopping of his work, could also recover from them; and one who had been damaged through his delay could in turn hold them liable; and so on without limit to the number of persons who might recover on account of the injury done to the property of the company owning the conduits. To state such a proposition is to demonstrate its absurdity. The plaintiff is suing on account of an alleged tort by reason of which he was deprived of a supply of electric power with which to operate his printing establishment. What was his right to that power supply? Solely the right given him by virtue of his contract with the Georgia Electric Light Company, and with that contract the defendants are not even remotely connected. If, under the terms of his contract, he is precluded from recovering from the electric light company,

that is a matter between themselves for which the defendants certainly can not be held responsible. They are, of course, liable to the company for any wrong that may have been done it, and the damages recoverable on that account might well be held to include any sums which the company was compelled to pay in damages to its customers; but the customers themselves can not go against the defendants to recover on their own account for the injury done the company." Id. at 193, 194.

In the case sub judice, as in *Byrd*, plaintiff alleges that defendant negligently damaged the property of a third party and that, consequently, the third party was unable to fulfill its contractual obligations to plaintiff. We agree with the superior court that these allegations do not state a claim upon which relief can be granted. *Byrd v. English*, 117 Ga. 191, supra. See also *Willis v. Ga. Northern R. Co.*, 169 Ga. App. 743 (314 SE2d 919).

Although the facts alleged in *City of Albany v. Oxford Constr. Co.*, 221 Ga. 872 (148 SE2d 324), bear a striking resemblance to the facts alleged in the case sub judice, plaintiff's reliance upon *City of Albany* is misplaced. First, the petition in that case could have been construed to allege that defendant damaged the plaintiff's (not a third party's) gas lines. Second, and more importantly, it is clear that the defendant in that case did not raise the principle enunciated in *Byrd* as a defense. Thus, the Supreme Court was not called upon to consider the *Byrd* principle in deciding *City of Albany*, and consequently, *City of Albany* is not a binding precedent in the case sub judice. See *Gordy Tire Co. v. Dayton Rubber Co.*, 216 Ga. 83, 89 (114 SE2d 529) wherein the Supreme Court observed: " ' "Questions which merely lurk in the record, neither brought to the attention of the court nor ruled upon, are not to be considered as having been so decided as to constitute precedents." ' [Cits.]"

*Judgment affirmed. Carley, C. J., and Beasley, J., concur.*

DECIDED SEPTEMBER 6, 1989 —
REHEARING DENIED OCTOBER 2, 1989 —

*Brennan, Harris & Rominger, Edward T. Brennan, Mason White*, for appellant.

*Chamlee, Dubus, Sipple & Walter, George H. Chamlee*, for appellee.