A90A0368. CONFETTI ATLANTA, LTD. et al. v. GRAY.
(394 SE2d 632)

COOPER, Judge.

We granted this interlocutory appeal to review the trial court's denial of appellants' motion for leave to file a third-party complaint.

Appellee was injured when he was run over by a truck driven by Jimmy Cooley ("Cooley") in the parking lot of a nightclub owned and operated by appellants. Appellee brought a lawsuit against Cooley and appellants, alleging that appellants negligently and knowingly furnished alcoholic beverages to Cooley, a minor, who was in a state of intoxication and would soon be driving a vehicle, in violation of OCGA § 51-1-40; that appellants failed to provide adequate safety in the parking lot of their establishment; and that as a direct and proximate result of the joint and several negligence of appellants and Cooley, appellee suffered extensive injuries. Subsequently, appellee dismissed with prejudice the lawsuit against Cooley and appellants filed a motion for leave to file a third-party complaint, seeking to implead Cooley as a third-party defendant on the ground that if appellants were found liable, they would be entitled to contribution from Cooley as a joint tortfeasor.

OCGA § 51-12-32 provides: "Where a tortious act does not involve moral turpitude, contribution among several trespassers may be enforced just as if an action had been brought against them jointly." Appellants contend that they are entitled to add Cooley as a third-party defendant because of their right to contribution from Cooley as

a joint tortfeasor under OCGA § 51-12-32. Appellee contends that appellants are attempting to bring Cooley in as a third-party defendant solely as a substitute defendant. "Although a defendant is not generally permitted to offer a substitute defendant by third-party complaint, a third-party complaint is nevertheless maintainable under OCGA § 9-11-14 (a) against a joint tortfeasor for contribution." *Winkler, Inc. v. Vilston, N. V.*, 172 Ga. App. 686 (1) (324 SE2d 542) (1984). Therefore, we must first determine whether appellants and Cooley were joint tortfeasors such as would give appellants a right of contribution against Cooley.

We reject at the onset appellee's contention that appellants' alleged violation of the dram shop statute constitutes a tortious act involving moral turpitude. In determining whether a joint tortfeasor relationship exists, " '[t]he correct procedure is to look first to the time of the commission of the acts. If there was concert of action, then there is no need to go further to establish entire liability. But if there was no concert, the next step should be to look to the combined effect of the several acts. If the acts result in separate and distinct injuries, then each wrongdoer is liable only for the damage caused by his acts. However, if the combined result is a single and indivisible injury, the liability should be entire. Thus, *the true distinction to be made is between injuries which are divisible and those which are indivisible.'* [Cit.]" (Emphasis in original.) *Gilson v. Mitchell*, 131 Ga. App. 321, 325 (205 SE2d 421) (1974). The alleged facts in the case sub judice show that there was no concert of action between appellants and Cooley, but that their separate actions combined to cause one injury which is indivisible and incapable of being apportioned. Therefore, appellants were entitled to bring a third-party action against Cooley for contribution. *Winkler, Inc. v. Vilston, N. V.*, supra. Although the decision whether to grant or deny a motion for leave to implead a third-party defendant is one committed to the discretion of the trial judge. (*Jenkins v. Chambers*, 127 Ga. App. 200 (2) (193 SE2d 222) (1972)), we find error with the trial court's denial of appellant's motion for leave to file a third-party complaint.

*Judgment reversed. Banke, P. J., and Birdsong, J., concur.*

DECIDED MAY 23, 1990.

*Gorby, Reeves, Moraitakis & Whiteman, Michael J. Gorby, Stephanie L. Scheier,* for appellants.

*Cashin & Morton, Harry L. Cashin, Jr., Raymond C. Mayer, Greene, Buckley, Derieux & Jones, Edward D. Buckley III,* for appel-

lee.