A90A2134. MAYOR &c. OF SAVANNAH et al. v. SOUTHERN
BULK INDUSTRIES, INC.
(403 SE2d 447)

CARLEY, Judge.

The relevant facts in this appeal are as follows: Appellant-defendant City of Savannah (City) contracted to supply water to Union Camp Corporation (UCC) through the City's water supply system. Thereafter, the City's pipeline supplying water to UCC was allegedly damaged by appellee-third-party-defendant Southern Bulk Industries, Inc. (SBI) and, as the result, UCC's water supply was interrupted. Originally, UCC brought suit directly against SBI, seeking to recover for the curtailment in its industrial production that was occasioned by the interruption in its supply of water from the City. SBI filed a motion to dismiss UCC's complaint for failure to state a claim for relief. SBI's motion was granted and, on appeal, that ruling was affirmed: "[UCC] alleges that [SBI] negligently damaged the property of [the City] and that, consequently, the [City] was unable to fulfill its contractual obligations to [UCC]. We agree with the superior court that these allegations do not state a claim upon which relief can be granted. [Cits.]" *Union Camp Corp. v. Southern Bulk Indus.*, 193 Ga. App. 90, 92 (386 SE2d 866) (1989), aff'd 259 Ga. 828 (388 SE2d 524) (1990). Thereafter, UCC brought suit against the City, seeking to recover the damages that it had originally sought as against SBI. The City answered UCC's complaint and filed a third-party complaint against SBI. SBI moved for summary judgment as to the City's third-party claim and that motion was granted. In the instant appeal, the City appeals from the trial court's grant of summary judgment in SBI's favor.

1. A "third-party complaint must be against one who is or may be liable to the third-party plaintiff for all or part of the original plaintiff's claim against him. [Cit.] [OCGA § 9-11-14] does not allow the tender of another defendant who is or may be liable to the plaintiff. [Cit.]" *Balkcom v. Mull*, 129 Ga. App. 277, 278 (199 SE2d 346) (1973).

UCC's claim against the City is for damages allegedly caused by a breach of the City's contract to supply water. The City's third-party complaint, on the other hand, alleges that SBI is liable in tort to *the City* for UCC's claim because SBI precipitated any breach of contract by negligently damaging the City's pipeline. Thus, the City does *not* allege that SBI is *directly liable to UCC*. Instead, the allegations of the third-party complaint are that SBI is *secondarily liable to the City* because any damages that UCC may recover would be an ele-

ment of the City's *own* recovery for the negligent injury that was done to the City's property by SBI. This is entirely consistent with our holding in the original appearance of this case: " '[SBI is], of course, liable to the [City] for any wrong that may have been done it, and *the damages recoverable on that account might well be held to include any sums which the [City] was compelled to pay in damages to its customers*[, such as UCC]; but the customers themselves can not go against [SBI] to recover on their own account for the injury done the [City].' [Cits.]" (Emphasis supplied.) *Union Camp Corp. v. Southern Bulk Indus.*, supra at 92.

It appears that the trial court misconstrued the third-party complaint as an attempt by the City to enforce the right of contribution from a joint tortfeasor. There are no allegations by the City that SBI is a *joint* tortfeasor. The allegations are that SBI is a tortfeasor *only* as to the City and that, in that tortfeasor capacity, SBI is secondarily liable for any contractual damages that the City may ultimately be obligated to pay UCC. " 'It is immaterial that the liability of the third-party rests on a different theory from that underlying plaintiff's claim.' [Cit.]" *Smith, Kline & French Labs. v. Just*, 126 Ga. App. 643, 646 (1) (191 SE2d 632) (1972). See generally Gregory, Ga. Civil Practice, § 3-8, pp. 304-305. That SBI may have tort defenses to the City's claim is no basis for denying the City the right to seek to enforce that claim through resort to the third-party procedure. "It is not necessary in order to maintain the third-party complaint that the original defendant admit liability to the original plaintiff, nor is it necessary that the allegations show that recovery by the original defendant from the third-party defendant is a certainty." *Register v. Stone's Independent Oil Distrib.*, 122 Ga. App. 335 (2, 3) (177 SE2d 92) (1970) rev'd on other grounds, 227 Ga. 123 (179 SE2d 68) (1971). "The obvious intendment of the language contained in [OCGA § 9-11-14] is to allow the impleading of one 'who is or *may be liable* to him (the defendant) for all or part of the plaintiff's claim against him.' Thus, the effect of impleader practice is to accelerate liability. [Cit.]" (Emphasis in original.) *Gosser v. The Diplomat Restaurant*, 125 Ga. App. 620, 622 (1) (188 SE2d 412) (1972). "If [SBI] is not retained in this action and [UCC] receives a judgment [against the City], the evidence of the transaction [whereby SBI allegedly damaged the City's property] will have to be reduplicated in another lawsuit [between the City and SBI]. The purpose of third-party practice is to avoid this very result. [Cit.]" *Burt v. Long*, 125 Ga. App. 385 (187 SE2d 578) (1972).

2. SBI urges that the grant of its motion for summary judgment should be affirmed because the City has no contractual liability to UCC. "OCGA § 9-11-14 (a) provides that '(t)he third-party defendant may assert *against the plaintiff* any defenses which the third-party plaintiff has to the plaintiff's claim.' " (Emphasis supplied.) *Opatut v.*

*Guest Pond Club*, 188 Ga. App. 478, 482 (10) (373 SE2d 372) (1988). However, the record discloses that SBI did *not* assert the City's contractual defenses in the trial court and did *not* move for summary judgment as against UCC. Compare *Empire Shoe Co. v. NICO Indus.*, 197 Ga. App. 411 (1) (398 SE2d 440) (1990). Accordingly, we cannot address the issue of the City's contractual defenses as against UCC in the context of the instant appeal. All we hold is that, for the reasons discussed in Division 1, the trial court erred in granting summary judgment in favor of SBI as to the City's third-party claim.

*Judgment reversed. Sognier, C. J., and McMurray, P. J., concur.*

DECIDED FEBRUARY 22, 1991 —
REHEARING DENIED MARCH 7, 1991 — 

*Wiseman, Blackburn & Futrell, James B. Blackburn, Miriam D. Lancaster*, for appellants.

*Chamlee, Dubus, Sipple & Walter, George H. Chamlee, Edward T. Brennan*, for appellee.