A94A2069. STATE LINE METALS, INC. v. ALUMINUM COMPANY OF AMERICA.

(453 SE2d 474)

BEASLEY, Presiding Judge.

Jecon Metals Corporation ("Jecon") contracted with the Aluminum Company of America ("Alcoa") to sell certain scrap metal known in the trade as "pot pads," which Jecon was to recycle into other usable metal units and return to Alcoa. Jecon contracted with State Line Metals, Inc. ("SLM") to perform the actual processing of the scrap metal and arranged for Alcoa to ship the metal to SLM f.o.b. SLM contends that when the shipments arrived they were too contaminated with other materials to be processed in their normal manner. SLM did, however, accept the shipments and piled all the scrap material together. It did not convert the pot pads and Jecon sued for breach of contract.

SLM moved for permission to implead Alcoa on June 24, 1993. Its original third-party complaint alleged that SLM was a third-party beneficiary of the contract between Alcoa and Jecon, breached by Alcoa when it made its shipments of metal to SLM between August 9, 1988 and March 3, 1989. It also alleged that Alcoa was negligent when it shipped the scrap metal with the amount of debris found. Alcoa moved for summary judgment, arguing in part that any contract claim against it was barred by the four-year statute of limitation found in OCGA § 11-2-725. It also asserted that any negligence claim, the exact nature of which was unspecified in the complaint, was similarly barred by the statute of limitation found in OCGA §§ 9-3-30; 9-3-31; or 9-3-32. In response to Alcoa's motion, SLM argued that any third-party claims it had against Alcoa would not be barred if based on the doctrine of contribution, and it amended its third-party complaint to include a claim for contribution.[1] Alcoa was granted summary judgment and SLM appeals. Jecon is also a party to the appeal pursuant to OCGA § 5-6-37.

1. Alcoa asserts that any basis for impleading it that is based upon contract or tort is barred by the various statutes of limitation. Although the court did not address the issue of the statutes of limitation in its order, the issue was raised and thoroughly addressed by Alcoa in its motion for summary judgment and "[a] grant of summary judgment must be affirmed if it is right for any reason. [Cit.]" *Ben Farmer Realty Co. v. Woodard*, 212 Ga. App. 74, 78 (441 SE2d 421) (1994). Following oral argument in this court, leave was granted under Rule 12 for SLM and Jecon to file supplemental briefs addressing the statutes of limitation. Jecon filed a supplemental brief, but SLM did not.

SLM asserts that by shipping debris-laden material, Alcoa breached a duty owed to SLM as a third-party beneficiary of the Alcoa-Jecon contract, and that the shipments breached other duties based in tort. Under OCGA § 9-11-14, SLM may assert any basis for secondary liability on the part of Alcoa and is not confined to a breach of contract theory simply because that is the basis for the underlying claim; " ' "[i]t is immaterial that the liability of the third-party rests on a different theory from that underlying plaintiff's claim." (Cit.)' [Cits.]" *Mayor &c. of Savannah v. Southern Bulk Indus.*, 198 Ga. App. 867, 868 (1) (403 SE2d 447) (1991). Although any claim for secondary liability in contract or tort can be asserted under

---

[1] Alcoa settled with Jecon as to any claims that Jecon might assert directly against it. Contribution is a right afforded a joint tortfeasor and is not affected by any settlement between plaintiff and another joint tortfeasor. Thus, if SLM and Alcoa are joint tortfeasors, Alcoa's settlement with Jecon does not affect SLM's right to obtain appropriate contribution from Alcoa. See *Jackson v. Dyches*, 200 Ga. App. 174, 175 (407 SE2d 126) (1991).

OCGA § 9-11-14, that does not relieve SLM of the responsibility to assert those claims within the applicable statute of limitation. See *Safeco Ins. Co. of America v. Clay-Ric, Inc.*, 191 Ga. App. 592 (383 SE2d 138) (1989); *Waddey v. Davis*, 149 Ga. App. 308, 309-310 (1) (254 SE2d 465) (1979); *PPG Indus. v. Genson*, 135 Ga. App. 248, 250 (1) (217 SE2d 479) (1975).

The shipments ended in March 1989 and Jecon filed suit on September 3, 1992. SLM received permission to implead Alcoa on June 24, 1993, with summons executed the next day. Thus, Alcoa was not brought into the action until more than four years had passed after the alleged breaches of contractual and tort duties. See OCGA §§ 9-3-30; 9-3-31; 9-3-32; and 11-2-725.

SLM has also asserted a right to recover from Alcoa under the theory of contribution. The right to contribution, codified at OCGA § 51-12-32, provides that one joint tortfeasor may gain contribution from another even though the second tortfeasor was not brought into the main suit. OCGA § 51-12-32 (a). The right to contribution does not accrue until judgment is entered. *Evans v. Lukas*, 140 Ga. App. 182, 184 (230 SE2d 136) (1976). Although there can be no complete contribution claim until a judgment is rendered or a settlement made, contribution is a theory of recovery under which a defendant can file a third-party complaint authorized by OCGA § 9-11-14 before a case is tried. *Evans*, supra. It is not considered to have accrued for the purposes of the statute of limitation until a judgment has been rendered in the main claim. This does not mean that any other basis for impleader under OCGA § 9-11-14 accrues when the judgment is rendered. Any theory of recovery under which SLM sought to implead Alcoa had to be brought within the applicable statute of limitation.

SLM's third-party complaint against Alcoa can only survive the operation of the statutes of limitation if it asserts a valid claim for contribution. Thus, SLM's first two enumerations of error, dealing with the court's determination that SLM was not an intended beneficiary of the contract between Jecon and Alcoa, are moot.

In support of its third, fifth, and sixth enumerations of error, SLM argues it can implead a third-party defendant on any theory of secondary liability, including a tort claim when the main claim is one for breach of contract. See *Mayor &c. of Savannah*, supra. Although the contention concerning the breadth of third-party practice is correct, it does not avoid the statute of limitation problem presented here. The facts of this case and the operation of the respective statutes of limitation preclude any impleader of Alcoa on grounds other than contribution.

2. SLM contends the court erred in determining that the third-party complaint could not be based on a theory of contribution. As stated above, contribution is the only theory under which SLM's

third-party complaint can avoid the operation of the statutes of limitation. The right to such a claim has been codified at OCGA § 51-12-32 (a), which provides that a party may gain contribution from a joint tortfeasor, even though the joint tortfeasor is not a party to the suit.[2] The court determined that there could be no claim for contribution because SLM and Alcoa could not be joint tortfeasors without the commission of a tort.

The court reasoned that the only loss to Jecon was that covered by its contract with SLM, that Jecon therefore had no tort claim against SLM, and that as a result SLM could not be a joint tortfeasor with Alcoa. For SLM to be considered a joint tortfeasor with Alcoa, there must be both a tort and a manner in which both could be considered liable. See *St. Paul Fire &c. Co. v. MAG Mut. Ins. Co.*, 209 Ga. App. 184 (433 SE2d 112) (1993). As to whether a tort exists, the question is whether there is " 'a claim in tort which does not arise from the contract, but is independent of it.' [Cit.]" *Unger v. Bryant Equip. Sales &c.*, 255 Ga. 53, 54 (1) (335 SE2d 109) (1985). With respect to joint liability, the issue is whether SLM and Alcoa either: a) tortiously acted in concert, or b) separately committed tortious acts that caused a single indivisible injury. *Confetti Atlanta, Ltd. v. Gray*, 195 Ga. App. 719, 720 (394 SE2d 632) (1990).

In the original complaint, Jecon asserted only that SLM breached the duties arising from the contract and did not make any claim in tort. SLM does not specify how it may have breached a duty to Jecon based in tort, but its position seems to be that it owed a duty to Jecon to use proper care in the receipt and storage of the material it received, in addition to the duties imposed by the contract, and that failure to fulfill this duty created the losses encountered by Jecon. This is the argument Jecon makes in its supplemental brief in this court.

The principle expressed in OCGA § 51-1-1 which is applicable is explained in *Sheppard v. Yara Engineering Corp.*, 248 Ga. 147, 148-149 (281 SE2d 586) (1981): " 'It is axiomatic that a single act or course of conduct may constitute not only a breach of contract but an independent tort as well, if in addition to violating a contract obligation it also violates a duty owed to plaintiff independent of contract to avoid harming him. (Cits.) Such an independent harm may be found because of the relationship between the parties, or because of defendant's calling or *because of the nature of the harm.* (Cits.) (Emphasis supplied.) However, not all breaches of contract are also independent torts: ". . . where defendant's negligence ends merely in non-

---

[2] OCGA § 51-12-32 refers to "joint trespassers," which is synonymous with "joint tortfeasors." *Hyde v. Klar*, 168 Ga. App. 64, 65 (308 SE2d 190) (1983).

performance of the contract and where defendant is not under any recognized duty to act apart from contract, the courts generally still see no duty to act affirmatively except the duty based on — and limited by — defendant's consent." [Cit.] In those circumstances, an action in tort may not be maintained for what is a mere breach through non-action or through ineffective performance (which is the same thing) of a contract duty — the duty must arise independent of contract to constitute a tort.' Thus, to constitute a tort the duty must arise independent of the contract."

The Alcoa-Jecon contract was formed through a variety of negotiations and purchase orders; Alcoa was to sell the scrap materials to Jecon, which was to convert them and deliver the recycled material back to Alcoa. The Jecon-SLM contract was formed by a series of apparently unwritten communications. No party disputes that Jecon was to cause the scrap materials to be delivered to SLM. Communications between Jecon and SLM concerning the contract indicated that the pot pad shipments might contain other material.

SLM asserts that Alcoa breached a duty to properly care for Jecon's property (i.e., the scrap metal) by shipping it with an inappropriate amount of debris included. Jecon's August 22, 1988 letter to SLM confirming their contract for recycling indicates that Jecon knew that the scrap metal it was buying from Alcoa could have some debris included. The contract between Alcoa and Jecon was for scrap metal to be recycled. If Alcoa shipped scrap with an amount of debris included that made it impossible to recycle, it constituted a breach of its duty under the contract, not a breach of any duty to care for Jecon property that arose independently of the contract.

Similarly, Jecon and SLM contracted for SLM to receive and process scrap metal. Its failure to do so was not a negligent breach of a duty that arose independent of the contract, but a breach of the essential contractual duty. SLM committed no tort and, even had Alcoa committed one, it could not be considered a "joint tortfeasor" with Alcoa. Jecon was correct in its original complaint; the duty to use proper care in receiving and storing the metal that SLM was to convert arose from the contractual duty to convert the metal that was to be shipped from Alcoa. The fact that the harm suffered by Jecon may have been "single and indivisible" does not convert the breaches of contract duties into a joint tort. Compare *Confetti Atlanta*, supra. Therefore, SLM can make no claim for contribution from Alcoa.

As all other asserted bases for impleading Alcoa are barred by the statutes of limitation, the court did not err in granting summary judgment.

*Judgment affirmed. Andrews and Johnson, JJ., concur.*

DECIDED DECEMBER 9, 1994 —
RECONSIDERATION DENIED JANUARY 5, 1995.

*Wiggins & Camp, S. James Tuggle, Kelley C. Park*, for appellant.

*McGee & Oxford, James C. Carr, Kicklighter & Mayer, Claude M. Kicklighter, Jr., Raymond C. Mayer*, for appellee.

